# Timothy *v.* The State.

### Indictment for Murder.

1. *Homicide; admissibility in evidence of extracts from works on medical jurisprudence.*—On a trial under an indictment for murder, the evidence for the State tended to show that the defendant and the deceased were in a room together alone,

[Timothy v. The State.]

and that the defendant shot the deceased. The defendant testified that the deceased accidentally shot herself while handling a pistol, the ball entering near the eye and passing, with a slightly upward range, through her head. There were no indications of powder burns, or stains or particles on the face of the deceased. As tending to show that such indications would have existed had the pistol been in the hands of the deceased when the shot was fired, the State offered and, against the defendant's objection, was allowed, to read from a standard work on medical jurisprudence an account of certain experiments made by two third persons with guns at various d.stances, to determine how far from the target a weapon would have to be to leave any powder marks upon it, and also read and introduced the conclusions of the author from such experiments, as to the distance at which there would be no powder burns. *Held*: That such evidence was incompetent and inadmissible, and its admission would work a reversal of the judgment of conviction.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant in this case was indicted and tried for the murder of Daisy Hunter, was convicted of murder in the second degree, and sentenced to the penitentiary for ten years. The facts of the case are sufficiently stated in the opinion.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Tesney v. State*, 77 Ala. 38; *Evans v. State*, 109 Ala. 11; *A. G. S. R. R. Co. v. Burgess*, 114 Ala. 587.

McCLELLAN, C. J.—Timothy, the appellant, was indicted, tried and convicted of murder. The evidence for the State went to show that defendant and Daisy Hunter were in a room together, no one else being present, and that he shot her. He testified that the girl accidentally shot herself while handling his pistol, the ball entering between the right eye and the nose and passing, with a slightly upward range, through her head. There was no indication of powder burns or stains or particles on the face of the deceased. As

tending to show that such indications would have existed had the pistol been in the hands of the deceased, when the shot was fired, the State offered, and, against defendant's objection, was allowed to read from a work on Medical Jurisprudence, which was shown to be "good authority on the subjects of which it treats," an account of certain experiments made by two third persons with guns at various distances to determine how far from the target the weapon would have to be to leave no powder marks upon it, and the conclusion of the author from such experiments that "marks and burns from weapons ordinarily used will scarcely appear when the distance has exceeded ten or twelve feet." It is competent, of course, to put in evidence passages from standard medical works pertaining to wounds and personal physical conditions under inquiry; but we are of opinion that the matter here adduced is not of that character: It does not pertain to the science of medicine or surgery. Men of those professions are no more competent to make such experiments and draw conclusions therefrom than other men; and their opinions in the premises stand upon the same evidential plane as the opinions of laymen, and to be received in the same way and under the same circumstances. Such opinions are never admissible unless the persons giving them are shown to be experts, and then by the word of mouth of such experts under oath. It does not appear that the author of this book was an expert on powder marks, nor that Laclase of Antwerp nor Dr. Balch of Albany, who made the experiments detailed in the book, were experts. And conceding them to have been experts they were not sworn before the jury. As for the experiments themselves, it is well settled in this court that had Laclase and Balch been sworn on this trial they would not have been allowed to depose to them.—*Tesney v. State,* 77 Ala. 33, 38; *Miller v. State,* 107 Ala. 40, 56-7; *Evans v. State,* 109 Ala. 11; *A. G. S. R. R. Co. v. Burgess,* 114 Ala. 587, 596; *Mayer v. Thompson-Hutchison Building Co.,* 116 Ala. 634.

The court erred in allowing the extract from the work on medical jurisprudence to be read in evidence to the

jury. There is no merit in the other exception reserved by defendant.

Reversed and remanded.