[Bluthenthal & Bickert v. McWhorter.]

# Bluthenthal & Bickert v. McWhorter.

*Action upon a Promissory Note.*

1. *Intoxicating liquors; irregularity of sale.*—A dealer in liquors
   doing business outside of a prohibition district, who there
   sells liquor, knowing that the purchaser is buying it for re-
   sale within the prohibition district, may, nevertheless, recover
   the purchase price of the liquor, if the liquor is not sold by
   the purchaser within the district as intended.

2. *Same; same.*—Mere knowledge on the dealer's part that the
   purchaser is buying the liquor for the purpose of selling it in
   the prohibition district, coupled with the sale by the pur-
   chaser in such district, does not render the transaction il-
   legal, but to make it illegal there must be in addition, some
   participation by the dealer in the illegal purpose and act by
   the purchaser.

3. *Same; same; action for price of liquor sold; sufficiency of plea.*
   In an action on a promissory note, a plea by the defendant
   which avers that the consideration for the note was spiritu-
   ous, vinous and malt liquors sold by plaintiff to the defend-
   ant, that at the time of said sale there was a law in force
   prohibiting the sale of such liquors in the county where the
   purchaser lived, that said liquors were bought by defend-
   ant for the purpose of selling the same in said county in vio-
   lation of said law, and that plaintiff sold said liquors to de-
   fendant with a knowledge that they were to be sold by de-
   fendant in violation of said law, is insufficient as a defense
   to the maintenance of the suit, in that it does not aver that
   the liquors were sold by the defendant in the district where
   the prohibition relied on obtained, and does not aver the
   participation by the plaintiffs in the alleged illegal purpose
   of the defendant.

4. *Same; same; same.*—In an action on a note, a plea averring
   that it was given for liquors sold by plaintiffs to defendants;
   that at the time there was a law prohibiting the sale of liquor
   in L. county; that said liquor was bought by defendant for
   the purpose of selling the same in L. county, in violation of
   said law; that there was also in force a law punishing any
   person who, within the limits of any prohibitory district so-
   licited or received any orders for liquors; and that said
   orders were received for said liquors by plaintiffs through

[Bluthenthal & Bickert v. McWhorter.]

their agent, within the prohibition district above named, in violation of said law,—is bad, because not averring that the orders taken by said agent were for liquor to be shipped or sent into such district.

5. *Same; same; by what law rights of parties determined.*—Under the act of Congress known as the "Wilson Act," providing that all liquors transported into any State shall, on arrival there, be subject to its laws, and shall not be exempt because in original packages, the rights of a Georgia liquor dealer shipping liquors into Alabama pursuant to orders there obtained by a traveling salesman are determinable under Alabama laws.

6. *Action for price of liquors; admissibility of evidence.*—In an action on a note which was given for the purchase price of spirituous, vinous or malt liquors sold by plaintiffs to the defendant, where defendant seeks to set up as a defense that the liquors were sold by the plaintiffs in violation of the prohibition law, a letter written by the plaintiffs to defendant stating "We notice that the grand jury reported prohibition a failure in your county. No doubt this will lead to your obtaining a license," was admissible as tending to show knowledge on plaintiffs' part that defendant was selling the liquor they were supplying him in violation of law, not only at its date, but also at the time the liquor was sold.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. J. C. RICHARDSON.

This action was brought by appellants against appellee, and counted upon a promissory note given by appellee to appellants. The defendant pleaded three special pleas, besides the general issue and payment. The third and fourth pleas were as follows:  (3.)  "That the consideration for the note sued on was vinous, spirituous or malt liquors, which were sold by the plaintiffs to defendant, that at the time of said sale, there was a law in force prohibiting the sale of such liquors in Lowndes county, Alabama; that said liquors were bought by defendant for the purpose of selling the same in said county, Alabama, in violation of said law, and that plaintiffs sold said liquors to defendant with the knowledge that they were to be sold by defendant in violation of said law."  (4.)  "That the consideration of the note sued on was spirituous, vinous or malt liquors, which were sold by plaintiffs to defendant; that at the time of

said sale there was a law in force prohibiting the sale of such liquors in Lowndes county, Alabama; that said liquors were bought by defendant for the purpose of selling the same in Lowndes county, Alabama, in violation of said law; that there was also a law in force punishing any person, who within the limits of any district in which the sale of spirituous, vinous or malt liquors was prohibited by law, solicited or received any order for spirituous, vinous or malt liquors in any quantity to be shipped or sent into such district must on conviction be fined not less than twenty nor more than one hundred dollars, and that the orders were received for said liquors above named by the plaintiffs through their agent within the prohibition district above named, in violation of said law."

To the third plea the plaintiff demurred upon the following grounds: (1.) "Because said plea is no answer to the complaint." (2.) "Said plea fails to allege facts which show the violation of any law by plaintiffs in the sale of said liquors." (3.) "Because a sale of liquors as alleged in said plea does not show the violation of any law by plaintiffs or an illegal sale by plaintiffs to defendant." (4.) "Because said sale fails to show an illegal sale by plaintiffs to defendant." (5.) "Because said plea fails to show a sale was made by plaintiffs to defendant in any place which the sale of liquors is prohibited." (6.) "That mere knowledge on the part of the plaintiffs that liquors were bought from them by the defendant for the purpose of selling the same in violation of law is not sufficient to vitiate the sale of said liquors."

To the fourth plea the plaintiffs demurred upon the following grounds: (1.) "Because said plea fails to allege facts showing a sale of said liquors by plaintiffs to defendant, at any place prohibited by law." (2.) "Because said plea fails to show a sale of liquors by plaintiffs to defendant in Lowndes county." (3.) "Because said plea fails to show an illegal sale by plaintiffs to defendant." (4.) "Because the fact that the defendant bought said liquor for the purpose of selling the same in Lowndes county in violation of law would not

affect or vitiate the sale of said liquors by plaintiffs to defendant." (5.) "Because the violation of a law by plaintiffs' agent in receiving the orders would not vitiate or affect the sale of said liquors by plaintiffs to defendant." (6.) "Because said plea fails to show a sale of liquors to defendant by plaintiffs in Lowndes county or within the limits of any district in which the sale of spirituous, vinous or malt liquors was prohibited, and the mere fact that plaintiff's agent took orders for the sale of said liquors by plaintiffs to defendant and plaintiffs received said orders is not sufficient to vitiate the sale of said liquors or affect the enforcement of the payment of the purchase price therefor." (7.) "Because said plea fails to locate or describe the district in which the solicitation or receipt of said orders by plaintiffs' agent was prohibited by law." (8.) "Because said plea seeks to set up two separate and distinct offenses." (9.) "Because said plea fails to show that these plaintiffs or their agents received orders for the liquors or goods within any district within the limits of which the sale of spirituous, vinous or malt liquors was prohibited by law."

Demurrers to these pleas were overruled. Thereupon plaintiff filed three replications to plea No. 4, which were as follows: "Comes the plaintiffs and for replication to defendant's plea No. 4 says, that at the time of the sale of the liquors by them to the defendant they were engaged as merchants in the city of Atlanta, State of Georgia, and conducted a business in which they sold liquors at wholesale; that the orders taken or received by them for the liquors from defendant were taken by their traveling salesman in the county of Lowndes and forwarded to them at Atlanta in said State of Georgia, that said liquors were shipped by plaintiff to said Mc-Whorter and received by said McWhorter in the State of Alabama; and plaintiffs say that no law of the State of Alabama prohibiting the receiving of orders in Lowndes county, by plaintiffs, through their agent, could affect the rights of plaintiffs to recover the purchase price of goods sold since the rights of plaintiffs in such case are subject to the constitutional power of

Congress to regulate commerce among the several States." (2.) "And for further replication to plea No. 4, these plaintiffs say that at the time of the sale of the liquors by the plaintiffs to defendant they were merchants engaged in the wholesale liquor business in Atlanta, in the State of Georgia; that their traveling salesman came into the State of Alabama, and received orders for the liquors from the defendant in Lowndes county; that the plaintiffs' right to receive orders from the defendant was a right which could not be prohibited or restricted in any manner by the laws of Alabama, since such law would contravene interstate commerce." (3.) "For further replication to plea No. 4 these plaintiffs say that the law alleged by defendant in said plea to have been in force at the time of the sale of said liquors which prohibited the receiving of orders for spirituous, vinous or malt liquors in any district in which the sale of liquors was prohibited by law could not invalidate or effect the rights of plaintiffs as in said plea alleged because at the time of the sale of said liquors to defendant these defendants were merchants engaged in the wholesale liquor business in Atlanta, in the State of Georgia, and said orders were taken by their traveling salesman in said Lowndes county, Alabama, from the defendant, and their rights to receive orders was regulated by interstate commerce."

Demurrers to these replications were sustained. The special pleas of defendants Nos. 2, 3 and 4 were amended as follows: "By adding the words 'within two miles of the court house at Hayneville,' after the words 'prohibiting the sale of such liquors,' where they occur in the second plea." (2.) "By adding the words 'within two miles of the court house at Hayneville' after the words 'there was a law in force prohibiting the sale of such liquors,' where they occur in the third plea." (3.) "By adding the words, 'within such prohibition district' after the words, 'the purpose of selling the same,' where they occur in the third plea." (4.) "By adding the words 'within two miles of the court house at Hayneville,' after the words, 'prohibiting the sale of such liquors,' where they occur in the fourth plea."

In view of the opinion a statement of the other facts in the record becomes unnecessary. There were verdict and judgment for defendant, and plaintiffs appeal.

LOMAX, CRUM & WEIL, for appellant, cited *Pilgreen v. State,* 71 Ala. 368; *Craig v. Proctor,* 6 R. I. 547; *Brigham v. Proctor,* 14 Gray. 552; Black on Intoxicating Liquors, § 257; *Cling v. Fries,* 33 Mich. 275; *Sibert v. State,* 40 Ala. 62; *Williams v. Hendricks,* 115 Ala. 277; *Shackelford v. City Council,* 110 Ala. 619; *Ware v. Hamilton Brown Shoe Co.,* 92 Ala. 145.

D. M. POWELL, *contra,* cited 1 Wait's Actions and Defenses, 106; *Pacific G. Co. v. Mullen,* 66 Ala. 582; *Wadsworth v. Dunham,* 117 Ala. 661; *Ware v. Jones,* 61 Ala. 288; Black on Intoxicating Liquors, §§ 248, 249, 256; *Tinker v. State,* 90 Ala. 639.

McCLELLAN, C. J.—If A., doing business and selling intoxicating liquors outside of a prohibitory district there sells such liquors to B., knowing that the latter is purchasing them for resale within a prohibitory district, but B.'s purpose in this connection is not carried out and the liquors are not resold in such district, A. may recover the price of the goods from B. Plea 3 fails to aver that the liquors constituting the consideration of the note sued on, or any part of them, were sold by the defendant in the district where the prohibition relied on obtained, and was therefore bad. Mere knowledge on the part of A. in the case supposed, that B. is purchasing the liquors for the purpose of selling them in territory where the sale of such liquors is prohibited by law, coupled with the sale of them by B. in such territory, will not suffice to render the transaction between A. and B. illegal. In addition there must be some participation by A. in the illegal purpose and act of B.; and while knowledge of such purpose, coupled with its execution on the part of B. may afford a basis for inference of participation on A.'s part, i. e. would be evidence tending to show such participation, such knowledge of the proposed illegal act is not of itself that participation·

[Bluthenthal & Bickert v. McWhorter.]

in it which will avoid B.'s liability to pay for A. for the
liquors. The third plea, therefore, should have averred
not only illegal sale by the defendant, but participation
by the plaintiffs.—Black Law of Intoxicating Liquors,
§§ 269, 270; 17 Am. & Eng. Ency. Law, pp. 312-13. Of
course, the averments which we hold were necessary to
the third plea, would not have been had the plea averred
a sale by plaintiffs to defendant within the prohibited
district.

Plea 4 does not bring the sale by plaintiffs to defend-
ant within the terms of the statute intended to be plead-
ed. It should have been averred that the order taken
by plaintiff's agent within the prohibited district was
for liquor "to be shipped or sent into such district." For
aught that appears by the plea, except by averment of
a mere conclusion that the order was taken in violation
of the statute, the order taken in the district was for
liquors to be shipped or sent elsewhere than into the
district. This fourth plea is not open to other objec-
tions taken by the demurrer. It was not essential to the
defense intended to be presented by it that defendant
should have sold the liquors so ordered, nor that plain-
tiffs should have had knowledge that defendant intend-
ed to sell the goods within the district, nor that plain-
tiffs should in any way have participated in sales by de-
fendant.

The replications of plaintiffs to pleas 2, 3 and 4 were
bad, and the demurrer to them was properly sustained.
Plaintiff's rights or want of them is determinable by
the laws, common and statute, of the State. If the
facts set up in the replication would ever have been of
importance, they are not so under the act of Congress
known as The Wilson Act.—17 Am. & Eng. Ency.
Law, pp. 293, *et seq.*

The reference in plaintiff's letter to defendant to
the prohibition law of force at defendant's place of
business, viz.: "We notice in the newspapers to-day
that the grand jury reported prohibition a failure in
your county. No doubt this will lead to your obtain-
ing a license," tended to show knowledge on plaintiffs'
part that defendant was selling liquors they were sup-

[Southern Iron Works v. Central of Georgia Railway Co.]

plying him in violation of law, not only at the date of the letter, but also at the previous time when the liquors constituting the consideration of the note sued on were sold to him; and the court did not err in receiving the letter in evidence.

We deem it unnecessary to discuss the rulings of the court upon requests for instructions: What we have said above will suffice for the court's guidance upon another trial.

For the errors committed in overruling the demurrers to the third and fourth pleas, the judgment of the circuit court is reversed. The cause is remanded.

Reversed and remanded.