# McWhorter *v.* Bluthenthal & Bickert.

## *Action on Promissory Note.*

1. *Payments; application of.*—In the absence of agreement or of direction by the debtor, a creditor, having two claims—one past due and one not due—is bound to apply a payment to the past-due indebtedness.
2. *General charge; when improper.*—Where there is a palpable con-

flict in the evidence as to a material fact in issue, the general affirmative charge is improper.

3. *Sales of liquor; right to recover price.*—Mere knowledge on the part of the seller of liquor that the purchaser intends to sell it in violation of a local prohibition law, together with the fact that the purchaser did so sell it, does not constitute a participation in the illegal act, so as to prevent a recovery of the price, unless the sale was made with the purpose or intent on the part of the seller to aid the purchaser in his subsequent illegal sales.

4. *Charges; supplying omission of words.*—Charges are to be given or refused by the court in the language requested; and it is not the duty or province of the court to supply the omission of words therein.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. J. C. RICHARDSON.

Action by Bluthenthal & Bickert against R. S. Mc-Whorter on a promissory note executed by defendant. The defendant pleaded the general issue and payment and (by special plea 3 as last amended, and plea 6 as amended) set up "that the consideration or a part thereof for the note sued on was vinous, spirituous or malt liquors, which were sold by plaintiffs to defendant; that at the time of said sale there was a law in force, prohibiting the sale of such liquors within two miles of the court house at Hayneville, Alabama; that said liquors were bought by defendant for the purpose of selling the same in said prohibited district in violation of said law, and that plaintiffs sold said liquors to defendant with a knowledge that they were to be sold by defendant in violation of said law; and that said liquors so purchased by defendant were sold by him in violation of said law; and that plaintiffs participated in said sales of the same." Issue was joined on these pleas, demurrers to the third and sixth pleas as amended having been overruled.

The defendant requested four charges, which were refused by the court, as follows: (1.) "If you believe the evidence, your verdict should be for the defendant." (3.) "If from the evidence you are reasonably satisfied that at the time of the sale of the liquors or any part of

them, the consideration of the note sued on, the defendant bought the same or any part thereof for the purpose of selling the same in Hayneville, Lowndes county, Alabama, and that the plaintiffs knew the defendant was purchasing the same for that purpose, and if in pursuance of such purpose defendant did sell said liquors in violation of the prohibition laws of Lowndes county, Ala., at Hayneville, Ala., you should find for defendant." (8.) "If from the evidence you are reasonably satisfied that Flexner solicited or received from defendant the whiskey shown to have been sold to defendant by the invoice of February 5th, 1898, for $171.07, and that said Flexner was at the time agent of plaintiffs in soliciting or receiving said order, and that said order was solicited or received in Hayneville, Alabama, and was for said liquors to be shipped or sent to Hayneville, Ala., your verdict should be for defendant." (9.) "If plaintiffs knew that said liquors, the consideration of the note or any part thereof, were purchased by defendant for the purpose of selling the same, in violation of the statute named in defendant's third plea, and if plaintiffs with such knowledge did any act to conceal the identity of said liquors by shipping in fake barrels or otherwise and in that manner aided defendant in effecting the sale of said liquors in violation of the statute named in defendant's third plea, then this would be a participation on the part of plaintiffs, if the sale in violation of the statute by defendant was effected, and you should find for defendant." To the refusal of each of these charges, defendant separately excepted.

From a judgment for plaintiffs defendant appeals.

POWELL, HAMILTON & MIDDLETON, for appellant, cited *Milner v. Patton*, 49 Ala. 423; *Ware v. Jones*, 61 Ala. 888; *Shepherd v. Reese*, 42 Ala. 329; *Patton v. Gilmer*, 42 Ala. 548; *Oxford Iron Co. v. Quinchett*, 44 Ala. 487; *Oxford Iron Co. v. Spradley*, 46 Ala. 98; *Bibb v. Com. Court*, 44 Ala. 49; *Speed v. Cocke*, 57 Ala. 209; *Wardsworth v. Dunnam*, 117 Ala. 661; 17 Am. & Eng. Ency. of

Law, 313; Black on Intox. Liq., § 270; Acts of Ala., 1886-7, 692; Acts, 1880-1, 148, 241.

LOMAX, CRUM & WEIL, *contra*, cited *Bluthenthal & Bickert v. McWhorter*, 131 Ala. 642; 31 So. Rep. 559; *Turrentine v. Grigsby*, 118 Ala. 380; *Waters v. State*, 117 Ala. 189.

DOWDELL, J.—The question raised on the demurrer to the third plea as amended and to the sixth plea, was determined on the former appeal in this case.—131 Ala. 642; 31 So. Rep. 559.

There was evidence tending to show that the debt on open account from the defendant to the plaintiff was not due at the time of the alleged payment of sixty dollars. If this was true, in the absence of an agreement to that effect, the plaintiffs had no right to apply this payment as a credit on the account, but were bound to apply it on the note which was then past due.—*Bobe's Heirs v. Stickney*, 36 Ala. 482. The defendant testified that when he remitted the sixty dollars to the plaintiffs the note sued on was then past due, and the indebtedness from defendant to plaintiffs on open account was not due. He also testified that in making this remittance he gave plaintiffs no direction as to the application of the payment. This being true, the law directed the application of the payment to the past due indebtedness, and evidence, therefore, by the defendant that he did not consent for the plaintiffs to credit the said payment on the open account, which was not due, was immaterial. No error was committed by the court in sustaining the objection to this evidence.

There was a palpable conflict in the evidence as to a material question in issue, and the affirmative charge requested by the defendant was, therefore, properly refused.

Written charge No. 3 requested by the defendant was properly refused for the same reason that plea No. 3 was held insufficient upon former appeal. Mere knowledge on the part of the plaintiffs of the purpose of the

defendant to sell the liquor in violation of the prohibition law in Lowndes county, and the fact that it was sold by the defendant in violation of such law, did not, as matter of law, constitute a participation by the plaintiffs in the defendant's act.

Written charge No. 8 was properly refused. There was no evidence "that Flexner solicited or received from the defendant the whiskey shown to have been sold to defendant by the invoice," etc. The charge as copied in the transcript is not intelligible; something seems to have been omitted. But charges are to be given or refused by the court in the language requested. It is not the duty or province of the court to supply the omission of words in charges asked.

Charge No. 9 requested by the defendant is faulty in the failure to hypothesize an intent on the part of the plaintiffs in connection with the acts postulated in the charge as constituting a participation by the plaintiffs in subsequent illegal sales of the liquor by the defendant. If the acts postulated were done by the plaintiffs without the purpose or intent to aid the defendant in his subsequent illegal sales, such acts in themselves and alone, would not constitute a participation in such subsequent illegal sales. The charge for the reason given, if for no other, was properly refused.

There being no error in the record, the judgment will be affirmed.