# Roden *v.* The State.

*Violating Prohobition Law.*

(Decided Feb. 8, 1912. 58 South. 74.)

1. *Intoxicating Liquors; Evidence.*—Where a witness testified that he bought liquor of the defendant, and that at the time certain third persons were with him, and stopped until he went to defendant's house and obtained the liquor, and the defendant denied the sale and showed that the witness was at his house on only one occasion, when he refused to sell him whisky, it was competent for the state in rebuttal to show that on the occasion testified to by the prosecuting witness, one of the persons with him gave him some money, that witness left the persons with him, went off in the direction of the defendant's house and returned with whisky.

2. *Appeal and Error; Harmless Error; Evidence.*—Where the facts elicited by such examination was not prejudicial to the defendant, it was harmless error to permit the examination to go outside the bounds of legitimate cross examination.

3. *Witnesses; Examination; Cross.*—Although great latitude is allowed on cross examination, the court should confine it within legitimate bounds and is under the duty to protect the witness from questions subjecting him to needless embarrassment, humiliation or ridicule.

13 OA

4. *Trial; Argument of Counsel.*—Where it appeared from the evidence that the witness was accustomed to purchase whisky from those illegally selling it, and that he drank to excess, and counsel for defendant in his argument insisted that the jury should not believe the witness because he frequented blind tigers, a statement by the solicitor in response to such argument, that if a preacher was snake bit, he could not procure whisky from the defendant, is not reversible error.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Pick Roden was convicted of violating the prohibition law, and he appeals. Corrected and affirmed.

JOHN A. LUSK & SON, for appellant. The court was in error in permitting the cross examination, and should have protected the witness.—*Mitchell v. The State,* 94 Ala. 68; *Downey v. The State,* 115 Ala. 115; *Amos v. State,* 96 Ala. 120. Counsel discuss other assignments of error, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The facts elicited on cross examination were not prejudical to the defendant, and hence, no error is shown. The court was not in error in its admission of evidence.—*Allison v. The State,* 1 Ala. App. 206; *Untreinor v. State,* 146 Ala. 133; *Guarreno v. State,* 148 Ala. 637.

DE GRAFFENRIED, J.—The appellant was charged with an illegal sale of intoxicating liquor to one Fred Deck. The witness Fred Deck testified that he bought the liquor on an occasion when he, Henry Bodine, and Will Smith were together; that Bodine and Smith did not go all the way to the defendant's house, where the witness bought the liquor; but that they stopped on the road and waited until he went to the defendant's house and bought the liquor. The testimony of the defendant tended to show that the witness Deck was at the de-

fendant's house *only one* time, that he undertook to get the defendant to sell him some liquor, and that defendant refused to do so. In rebuttal the court permitted the state to offer testimony tending to show that, on the occasion named, said Will Smith gave Fred Deck some money, that Deck left Smith and Bodine as above stated, and that he went off in the direction of the defendant's house and returned with a quart of whiskey. The only question on which there was any testimony tending to show that Bodine, and Deck were ever together near the defendant's premises was the occasion named. The fact that he went off in the direction of defendant's house and returned with liquor was, it seems to us, a fact corroborative of the testimony of Deck that he bought the liquor from the defendant. "Circumstances which, considered separately, are of very little importance, may, when grouped together, constitute a chain of evidence which draws the mind to a very satisfactory conclusion."—*Campbell v. State,* 23 Ala. 44; 1 Mayfield's Dig. p. 316, § 76. We think that the testimony, for the purposes to which it was limited by the court, was relevant, and not subject to the grounds of objection which the defendant interposed to it.

Conceding that the court improperly permitted the solicitor to stretch the cross-examination of some of the defendant's witnesses too far, and that the action of the court in that regard is subject to criticism, the record affirmatively shows that the matters elicited on such cross-examination were of no injury to the defendant. The solicitor, by such cross-examination, utterly failed to show that the defendant had sold any liquor on any. occasion except the one inquired about. Neither are we impressed with the idea that the action of the court in permitting the solicitor to ask one of the witnesses as

to when the sun set in May, and in requiring the witness to answer the question, could in any way have prejudiced the defendant's case. This question called for evidence which was of no value, and that evidence could not have affected in the slightest degree the verdict of the jury.

While on this subject, we desire to say, however, that while great latitude is allowable on cross-examination, the cross-examination should be confined within legitimate bounds. A witness, when he takes the stand, should be at all times protected by the court from questions which tend in any way to subject him to needless embarrassment, humiliation, or ridicule. Reversals have occurred because courts have, at times, disregarded the above wholesome requirement.—*Amos v. State*, 96 Ala. 120, 11 South. 424; *Downey v. State*, 115 Ala. 108, 22 South. 479.

The evidence of the witness Fred Deck, on his cross-examination by the defendant, tended to show that he was not unaccustomed to purchasing whisky from those selling it in violation of law, and that he drank to excess. The solicitor, in his closing argument, said that, "if a preacher was snake-bit, he could not get a drop of liquor from Pick Roden." It is evident to our minds that this statement was made in reply to an argument which had been made on behalf of the defendant that the jury should not believe Fred Deck, because of his character as a frequenter of blind tigers. The quoted statement of the solicitor is, in effect, an argument to the jury that the man who violates the prohibition laws is not likely to offer his contraband goods to those whose lives have been at all times exemplary, but only to those who are in the habit of drinking, and who, because of that fact, are not feared by the illicit liquor dealer; in other words, that a jury should not expect the state to

be able to establish such a crime by a minister of the gospel. While the remark of the solicitor may have been of questionable propriety, we do not think the court committed a reversible error in permitting it to remain with the jury.

We are therefore of opinion that the court, on the trial of the defendant, committed no error which was prejudicial to him. In sentencing the defendant, however, the court erroneously sentenced him to hard labor for the payment of the fine at the rate of forty cents per day, instead of at the present legal rate of 75 cents per day. The judgment, in this particular, will be corrected, and, as corrected, the judgment is affirmed.

Corrected and affirmed.