(75 South. 174)

BROWN v. STATE. (8 Div. 468.)

(Court of Appeals of Alabama. April 3, 1917. Rehearing Denied May 15, 1917.)

1. JURY ⊜25(3)—RIGHT TO JURY—DEMAND.
Under Liquor Law of 1915 (Laws 1915, p. 32) § 32, providing for a jury on trial of its violations when demanded, the defendant must make demand therefor, whether he is under prosecution on affidavit or by indictment.
[Ed. Note.—For other cases, see Jury, Cent. Dig. § 156.]

2. CRIMINAL LAW ⊜1169(5)—TRIAL—CURE OF ERROR.
Error, if any, in admitting testimony in prosecution for illegal sale of intoxicating liquors is cured by the court's announcement after the testimony was in that it was excluded and could not be considered.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3141.]

3. CRIMINAL LAW ⊜649(2)—POSTPONEMENT—DISCRETION OF COURT.
Motion for postponement to allow defendant time to get witnesses is so largely in the sound discretion of the court that, in the absence of abuse, the appellate court will not interfere.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1515.]

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

E. M. Brown was convicted of selling liquor in violation of law, and he appeals. Affirmed.

G. O. Chenault, of Albany, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Ass't Atty. Gen., for the State.

SAMFORD, J. The defendant in this case was convicted of selling liquor in violation of law, and from the judgment of conviction he appeals.

On the trial of the case the defendant filed a motion to strike the indictment, motion to quash, and pleas in abatement, all of which attack the organization of the court and the validity of the indictment. These questions have been passed upon by this court adversely to the defendant's contention. Ex parte Brown, 15 Ala. App. 210, 72 South. 772; White v. State, 15 Ala. App. 197, 72 South. 771; Ogles v. State, 15 Ala. App. 111, 72 South. 598; Dock McDaniel v. State, ante, p. 28, 75 South. 173.

[1] The defendant contends that section 32 of the liquor law of 1915 (Laws 1915, p. 32), providing for a jury by a demand therefor as required, does not apply to indictments, but only applies where the prosecution is begun by affidavit. We cannot agree with this contention. The statute is so framed as to preserve to the defendant the right of trial by jury; but, in order to have this right, the defendant must demand a jury in the way, manner, and at the time prescribed; and we therefore hold that the section is alike applicable to prosecutions begun by indictment and by affidavit.

[2] The court, over the objection of defendant, permitted Sizemore and Murphree, witnesses for the state, to testify to certain sales of liquor to them by the defendant, but afterward excluded this testimony. If this was error, it was cured by the court's announcement afterward that the testimony was excluded and would not be considered. Sanders v. State, 181 Ala. 35, 61 South. 336; Smith v. State, 183 Ala. 10, 62 South. 864.

[3] The defendant assigns as error the refusal of the court to grant a postponement of the case, so as to allow the defendant time to summons and get into court his son and wife to rebut the testimony of the state's witnesses. Matters of this nature address themselves to the sound discretion of the court; and, unless there is an abuse of this discretion, the appellate court will not interfere. The facts in this case do not disclose any such abuse.

There is no error in the record, and the judgment of the lower court is affirmed.

Affirmed.