(109 So. 375)

### PATTERSON v. STATE. (7 Div. 201.)

(Court of Appeals of Alabama. June 1, 1926. Rehearing Denied June 29, 1926.)

**I. Homicide** ⚖=169(3)—**Details of prior difficulties are inadmissible in prosecution for assault with intent to murder, unless part of such details have been admitted.**

Details of prior difficulties are inadmissible in prosecution for assault with intent to murder, unless part of such details have been admitted, in which event adverse party is entitled to whole transaction to explain his acts.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

## 2. Homicide ⟨key⟩190(3).

Threats *held* inadmissible in prosecution for assault with intent to murder, in absence of evidence of overt act by threatening party.

## 3. Criminal law ⟨key⟩706.

Solicitor's questions in prosecution for assault to murder as to whether witnesses remembered time defendant killed certain person, admitted to fix a time, *held* reversible error, where such time did not relate to issues.

## 4. Witnesses ⟨key⟩236(1).

Examination of witness must be confined to matters relevant to issue.

## 5. Criminal law ⟨key⟩782(9)—Instruction on degree of certainty of evidence required to convict held properly refused.

Instruction that to convict jury must be satisfied to moral certainty, not only that proof is consistent with defendant's guilt, but that it is wholly inconsistent with any other rational conclusion, "and unless so convinced by the evidence of defendant's guilt that you would each venture to act upon your own interest, then you must find defendant not guilty," *held* properly refused.

## 6. Criminal law ⟨key⟩829(1).

Refusal of abstract charges and charges covered by court's oral charge *held* proper.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Mal Patterson was convicted of assault with intent to murder, and he appeals. Reversed and remanded.

Charges 5, 8, and 9, refused to defendant, are as follows:

"5. The court charges the jury that if you believe the evidence in this case your verdict should be for the defendant."

"8. The court charges the jury that before you can convict the defendant you must be satisfied to a moral certainty, not only that proof is consistent with the defendant's guilt, but that it is wholly inconsistent with any other rational conclusion; and unless the jury is so convinced by the evidence of the defendant's guilt that you would each venture to act upon your own interest, then you must find the defendant not guilty.

"9. The court charges the jury that if you believe the evidence you cannot convict the defendant of assault with intent to murder."

Pruet & Glass, of Ashland, for appellant.

Defendant should have been permitted to show threats made by the assaulted party. Rutledge v. State, 88 Ala. 85, 7 So. 335; Gafford v. State, 122 Ala. 54, 25 So. 10. Connecting defendant with the murder of a party was prejudicial. Fonville v. State, 91 Ala. 39, 8 So. 688; Jones v. State, 116 Ala. 468, 23 So. 135; Martin v. State, 104 Ala. 77, 16 So. 82; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782; Faire v. State, 58 Ala. 79.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Defendant's requested charges were refused without error. Mathis v State, 15 Ala. App. 245, 73 So. 122; Whitmore v. State, 168 Ala. 45, 52 So. 909; Tatum v. State, 20 Ala. App. 436, 102 So. 726; Shirley v. State, 144 Ala. 35, 40 So. 269; Bell v. State, 140 Ala. 57, 37 So. 281. Rulings on evidence were without error. Smith v. State, 197 Ala. 196, 72 So. 316; Gafford v. State, 122 Ala. 54, 25 So. 10; Rutledge v. State, 88 Ala. 85, 7 So. 335; Gardner v. State, 17 Ala. App. 589, 87 So. 885.

SAMFORD, J. [1, 2] The defendant sought to bring out on cross-examination of Robert Brown, the injured party, details of former difficulties between Brown and his wife, Brown and defendant, and threats made by Brown against the defendant. The details of prior difficulties are never admissible, unless a part of the details have been admitted, in which event the adverse party is entitled to the whole transaction in explanation of his acts. Smith v. State, 197 Ala. 193, 72 So. 316. And threats are not admissible until there has been evidence of an overt act on the part of the party making the threat, indicating a purpose to do the defendant an injury. At the time this evidence was offered there was no evidence of such overt act. Cooke v. State, 18 Ala. App. 416, 93 So. 86.

[3, 4] When defendant's witness Mrs. Brown was being examined on cross-examination, the solicitor was permitted over objection and exception to ask this question: "Do you remember the time that the defendant killed Emory Toland?" A similar question was asked the witness George Patterson. Answers in the affirmative to these questions after the court had overruled objection, and exceptions reserved. Proper motions were made to exclude, overruled, and exceptions reserved. The rulings of the court were made upon the idea that such questions may be asked to fix a time. Such time must relate to the issues involved. The evidence here admitted was not in any way connected with the issues involved in this case—on the contrary, called for an isolated fact, irrelevant in itself, and tending to prejudice the defendant before the jury. The examination of a witness both in chief and on cross-examination must be confined to matters relevant to the issue. While a wide latitude is allowed on cross-examinations, facts irrelevant and immaterial cannot become the matter of the examination. The rule is well and clearly stated in Martin v. State, 104 Ala. 71, 16 So. 82, and restated with many authorities collated in Smith v. State, 197 Ala. 193–197, 72 So. 316. The trial court erred in permitting this line and method of cross-examination.

[5, 6] The written charges requested by defendant were properly refused. The ruling of the court on these charges are sustained by the following authorities: Tatum v State, 20 Ala. App. 436, 102 So. 726, as to charges 5 and 9; Shirley v. State, 144 Ala. 35, 40 So. 269, as to charge 8; charge 7 was covered by the court's oral charge; refused charge 15 is a copy of charge 26 in Bluett's Case, 151 Ala. 41, 44 So. 84, and held to be good, but in this case it was abstract (Cooke's Case, supra); refused charge 14 was also abstract. It affirmatively appears that the defendant fought willingly and with a deadly weapon.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.