CAMILLE VIOLETTE *vs.* PROVIDENCE ICE COMPANY.

DECEMBER 9, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. This case is before us after verdict for defendant, which was sued for alleged negligence of its employee McCloud, in operation of an automobile in Providence. Plaintiff, riding a motorcycle, collided with defendant's car. The collision occurred at the corner of Potter avenue and Calder street. Plaintiff was thrown off and injured. The jury's problem was whether either or both operators were negligent.

After the verdict plaintiff's motion for a new trial on the ground that it was against the evidence was denied. Plaintiff brings exceptions thereto and also complains of the court's refusal to give certain charges as requested or at least modifications thereof.

In an elaborate argument based upon exact computation of distances, rates of speed and time estimated by defendant's operator and witnesses, plaintiff seeks to convince us that defendant's version of the accident is impossible and that the probabilities favor plaintiff's version. The ordinary witness's estimate of time, rate of speed and distance is so inaccurate that much of its value depends on the way the evidence impresses the listener. Traffic conditions also enter into the present picture. Here the judge, as well as the jury, was not convinced that plaintiff's was the correct explanation of the accident. We have many times said

that when the facts are in dispute and the jury's finding has the approval of the trial justice this court will not disturb such finding except for the most weighty reasons. Such do not here exist and the exception based upon the claim that the verdict was against the evidence is overruled.

Plaintiff's other exceptions relate to refusal to give four charges as requested or modifications thereof such as the court deemed necessary. None of the requests as presented could have been given properly. The third and fourth did not correctly state the law and the first and second needed modifications. Plaintiff says in his brief, "Plaintiff was entitled to the foregoing requests or at least such modification as would present the law to the jury in a fair and impartial manner." If a trial court after having its attention directed thereto, feels that the charge is inadequate it is a common practice to mention the matter to which attention has been called, but failure so to do does not necessarily constitute reversible error. When a request to charge is denied as incorrect the court is not bound to make and give a modification of the charge requested. *McWhorter* v. *Bluthenthal*, 136 Ala. 568.

From an examination of the charge given and consideration of plaintiff's argument it is apparent that the error claimed is that the charge did not adequately cover the case. The charge as given briefly stated the issues. It did not discuss the evidence. Failure to sum up testimony is not error. *Ames* v. *Potter*, 7 R. I. 265. No exceptions were taken to the charge as given and the plaintiff may not now complain of its brevity or that it did not state evidence favorable to him. *Hatch* v. *Sallinger*, 47 R. I. 395; *Rockport* v. *Rockport Granite Co.*, 177 Mass. 246; *Coe* v. *Ricker*, 214 Mass. 212; *Asheville Nat. Bank* v. *Sumner*, 119 N. C. 591. If plaintiff did not consider that the law had been sufficiently presented to the jury he should have asked for further instructions upon the points deemed important (*Warner Sugar Refining Co.* v. *Metropolitan Wholesale Grocery Co.*, 46 R. I. 158; *Cady* v. *Case*, 46 R. I. 359) and if the court then did

not adequately cover them plaintiff should have taken exception to the charge as given or made specific requests properly phrased on the points he claimed were omitted. *People* v. *Waters*, 114 N. Y. App. Div. 669.

All of the plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*James J. McCabe, Thomas J. Dorney*, for plaintiff.
*Ralph T. Barnefield*, for defendant.