9 So.2d 29

## FOSTER v. STATE.

### 6 Div. 782.

Court of Appeals of Alabama.

May 12, 1942.

Rehearing Denied June 9, 1942.

Gibson & Hewitt, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

As counsel here representing appellant themselves state:

"Appellant was tried, convicted and sentenced on two cases of Assault with Intent to Murder, said cases being numbered 77041 and 77042 in the Circuit Court of Jefferson County, Alabama, and arising out of the same shooting or occurrence. There are two separate indictments, two separate pleas of Not Guilty, two separate and distinct Jury verdicts and two separate judgments of conviction; also two separate and distinct motions for new trial. Both cases were submitted on the same evidence, the same oral charge and the same written charges, all by agreement; there were two identical Bills of Exception submitted, but the Clerk of the Court has included only one bill of exceptions in the transcript in this Court and it is understanding of Appellant's counsel, in this situation, this Honorable Court will either affirm or reverse both of these cases, without the bill of exceptions being set out twice in the transcript or two separate and distinct records made of said cases.

"The State's version of the case is that the Appellant Sara Foster shot Alma Foster and her sister Georgia Foster, the said Alma Foster and Georgia Foster being sisters of the Appellant's husband; that Sara Foster came to their house, broke the door open and shot them; that Alma Foster was sleeping with a negro man named George Howe or I should say, she testified that he stayed in the front room with us (meaning Alma Foster and Georgia Foster) but claimed he slept in another bed. State's witness Alma Foster contends that Sara Foster, the Appellant, after breaking the door in, came in calling for her husband, 'Rufus' and when Rufus wasn't there, said 'any of you will do;' that she thereupon shot Alma Foster and Georgia Foster; that she ran after firing the pistol; that her brother, Rufus, and the Appellant were separated at that time and that Rufus was sleeping at her house then. State's witness Georgia Foster testified practically the same thing. The Appellant lived about a block away from where her estranged husband, Rufus, was staying with Georgia and Alma Foster at that time. The Police Officer testified about his inability to find the Appellant until the Appellant came in later and arranged for bail; he also heard some shots fired and heard some hollering. His associate, Mr. A. E. Joy, testified practically the same thing.

"The Defendant's version is as follows: Rufus Foster, estranged husband of the Appellant and brother of Georgia and Alma Foster, testified at the time of the shooting he was separated from Sara. Rufus testified that he and his wife were tussling or scuffling and that he fell against the door and she fell on top of him and the gun fired. This witness attempted to testify about a previous difficulty he had had with his wife that evening but the Court sustained the objection. The Appellant testified that she was passing the house where Rufus and his two sisters were and Rufus called her and told her to come there; that she was going to her Brother's to tell him what they (Rufus and family) had done to her; that he told her she wasn't going anywhere and they started tussling and fell and the gun discharged."

We might add to the above that appellant, herself, testified: "If (the pistol) discharged when Rufus and I fell against the door but I had it in my hand; Rufus did not shoot the woman (women) *it was accidental;* the pistol shot them. I did not. * * * The women had not done any-thing to me. That is where they were living and I did not live there at all." (Italics supplied by us.)

Appellant upon her trial (s) specifically disclaimed self-defense; but relied entirely upon her claim that the shooting of the two women, Georgia and Alma Foster, was purely an accident.

 The testimony to the contrary effect offered for the State made the issue of appellant's guilt vel non one strictly for the jury.

The proffered testimony as to a prior difficulty between appellant and Rufus Foster and D. J. Foster was of course immaterial to any issue in the case.

There is really not much more to be said. It is clear from what we have written that appellant was not entitled to have the jury given at her request the general affirmative charge to find in her favor.

As for the single other written charge requested by and refused to appellant, it is only necessary to say that its substance was covered by and included in the trial court's able and explicit oral charge—certainly in connection with the written charges given at appellant's request. So, regardless of whether the said charge was good or bad it was properly refused. Code 1923, Sec. 9509, Code 1940, Tit. 7, § 273.

We find no error prejudicial to appellant's rights to have been committed; and the judgments are affirmed.

Affirmed.