39 So.2d 694

**YORK v. STATE.**

**4 Div. 74.**

Court of Appeals of Alabama.

Nov. 23, 1948.

Rehearing Denied Dec. 14, 1948.

Alto V. Lee, III, of Dothan, and John C. Walters, of Troy, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

On an indictment charging murder in the second degree the appellant was tried and convicted of manslaughter in the second degree.

A detailed delineation of the tendencies of the evidence can add little value to the questions presented for review.

At about 8:00 A.M., December 24, 1947, Mr. B. J. Carter was instantly killed by the impact of a heavily loaded truck and trailer which was driven by the accused. The unfortunate incident occurred on a highway bridge that spans the Conecuh River just north of the city of Troy, Alabama. The deceased was traveling on foot at the time.

The speed of the truck as it approached the bridge was estimated by the defendant at 25 to 35 miles per hour. According to the testimony of the accused, he did not see Mr. Carter before the impact.

The evidence for the State tended strongly to establish that the appellant was intoxicated at the time. This the accused denied, but admitted that he had one drink of whiskey shortly before. The officer found one full quart of whiskey and about a half or two-thirds of another quart in the wrecked truck.

In approaching the question of the propriety of the denial of the general affirmative charge in appellant's behalf, we are confronted with an omission in the record of some of the exhibits which were introduced at the trial. These related to some diagrams or drawings which were frequently used by the attorneys in directing the witnesses to point out and describe the locale of the alleged crime.

The authorities are committed to the rule that the record must include all the evidence which was presented below before the appellate courts can review the propriety of the giving or refusal of the general affirmative charge. Alabama Terminal R. Co. v. Benns, 189 Ala. 590, 66 So. 589; Bates v. Louisville & N. R. Co., 21 Ala.App. 176, 106 So. 394.

This same doctrine applies with equal force to the matter of reviewing the action of the trial court in granting or denying a motion for new trial. The rule has application when the motion is predicated on the ground that the verdict is contrary to the weight of the evidence. Sovereign Camp, W. O. W. v. Turner, 238 Ala. 436, 191 So. 473; Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4; Phelps v. State, 33 Ala.App. 89, 30 So.2d 38.

There were comparatively few objections interposed during the progress of the intro-

duction of the evidence. Only one of these merits comment.

Insistence is made that the lower court should be charged with error in dissallowing appellant's counsel the opportunity to identify a medical book from which he desired to introduce certain extracts.

It appears that Dr. J. O. Colley testified for the State. At the conclusion of his testimony the following occurred:

"Mr. Walters: Judge, I would like to hold him thirty minutes.

"The Court: No, sir, you will have to get through with him right now. I want to let him go.

"Mr. Walters: But if he will come back later of his own volition it will be all right with the court.

"The Court: Absolutely, I am trying to save his patients."

The medical book had been borrowed from Dr. Beck, but he could not be located at the time the matter came up at the trial. It affirmatively appears that he was not subpoenaed as a witness. The judge refused to allow a delay in the proceedings until Dr. Colley could be contacted and brought back to court.

The introduction of parts of the medical treatise was dependent upon proper proof that it was contained in a recognized, standard authority or work. Franklin v. State, 29 Ala.App. 306, 197 So. 55; Anderson v. State, 209 Ala. 36, 95 So. 171; Timothy v. State, 130 Ala. 68, 30 So. 339.

Under the indicated circumstances, the matter of delaying the trial until this proof could be made addressed itself to the sound discretion of the court. We are clear to the conclusion that no abuse should be here predicated. Martin v. State, 31 Ala.App. 86, 13 So.2d 203; Brown v. State, 16 Ala. App. 29, 75 So. 174; Wells v. State, 131 Ala. 48, 31 So. 572.

In connection with the colloquy about the medical book, the solicitor stated in effect that there was no evidence in the case that anybody had been suffering from shock. The court denied motion of appellant's counsel to exclude this statement. We cannot give full approval to this remark by the prosecuting attorney. It was indeed a matter for the jury to determine whether or not the accused suffered any shock from the impact of the collision. However, the statement was addressed to the court, and we cannot hold that the occurrence was of such prejudicial import as to warrant a basis for reversible error.

During the solicitor's argument to the jury the following occurred:

"Mr. Paul (solicitor): I don't see how Mr. Walters can get up here and argue that because the State sells liquor a man can drink all he can hold and then get out on the road and run over everybody he can. I admit the State of Alabama sells liquor. It also sells wine.

"Mr. Walters: We object. There is no evidence the State sells wine.

"Mr. Paul: There is no evidence the State sells liquor either.

"Mr. Walters: That is judicially known.

"The Court: I overrule the objection.

"Mr. Walters: We except."

It appears that the statement about which complaint is urged was made in response to some assertion appellant's counsel had previously made in argument. Under these circumstances wide latitude should be afforded to the reply. Hines v. Paden, 204 Ala. 592, 87 So. 88; Elmore v. State, 21 Ala.App. 410, 109 So. 114; Hanners v. State, 147 Ala. 27, 41 So. 973; Barney v. State, 5 Ala.App. 302, 57 So. 598; Roden v. State, 3 Ala.App. 193, 58 So. 74; McQueen v. Jones, 226 Ala. 4, 145 So. 440; Walker v. State, Ala.App., 36 So.2d. 117.

The exceptions to portions of the court's oral charge are so fragmentary and indefinite that an accurate review is precluded. Pollard v. Rogers, 234 Ala. 92, 173 So. 881; Fletcher v. State, Ala.App., 34 So.2d 860.

One of the exceptions refers to a part of the oral charge which related to the offense of murder in the second degree. The verdict of the jury was for a lesser offense.

A large number of the written refused charges stated the doctrine applicable to murder in the second degree and manslaughter in the first degree. Whether or not the charges correctly stated the law is

a matter of no concern since each is eliminated from our review by the verdict of the jury. Title 15, Sec. 323, Code 1940; Williamson v. State, 28 Ala.App. 92, 179 So. 398.

Refused charge number 12 is not complete. It is very likely that it is due to the fault of the typist, but we are not authorized to supply the omissions in tendered written charges before making review thereof. Title 7, Sec. 273, Code 1940; McWhorter v. Bluthenthal & Bickart, 136 Ala. 568, 33 So. 552, 96 Am.St.Rep. 43; Walker v. State, 33 Ala.App. 614, 36 So.2d 117.

Charges numbered 24 and A are invasive of the province of the jury and neither states the law accurately and correctly. Bell v. State, 140 Ala. 57, 37 So. 281; Title 36, Sec. 3, Code 1940.

Refused charge number 10 is a mere argument. Rogers v. State, 117 Ala. 9, 22 So. 666; Medley v. State, 156 Ala. 78, 47 So. 218; Patterson v. State, 21 Ala.App. 464, 109 So. 375.

We have herein responded to all questions presented by the record which in our view merit treatment.

It is ordered that the judgment of the court below be affirmed.

Affirmed.