78 So.2d 670

### Robert HOGUE
### v.
### STATE.
### 6 Div. 916.

Court of Appeals of Alabama.

March 8, 1955.

132

J. Edmund Odum, Birmingham, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Under an indictment charging murder in the first degree this appellant's jury trial resulted in a verdict and judgment of guilty of murder in the second degree, his punishment being fixed at imprisonment in the penitentiary for a period of twelve years.

The evidence presented by the State would have amply justified a verdict of murder in the first degree. In fact such verdict would have been justified under the testimony of the witnesses presented by the defense, except for the testimony of the appellant himself.

The evidence depicts a not unusual background of a killing during the progress of a "skin" game. Some 8 to 12 men were in the kitchen of the appellant's home. Those participating in the game were seated around a table. The appellant and the deceased, Robert Richburg, were seated opposite each other. The non-players, whose inactivity was apparently caused by the earlier frowns of dame fortune, were standing around the table, and in the words of several of the witnesses were "just eye-balling the game."

The evidence presented by the State tends to show that the deceased had lost $2 to the appellant who was the dealer. The appellant told deceased to hold the cards until he got his $2. The deceased handed a five dollar bill to the appellant who handed the bill back saying he could not change it. The bill was thus passed back and forth several times. The deceased reached for the cards and the appellant told him to "hold" them. The deceased started to turn a card and appellant again told him not to, adding "I mean it." The deceased replied "I mean it too." Then, in the words of State's witness Burton, the appellant "started shooting, and that is all."

The testimony of the defense witnesses, other than appellant himself, varies from that of the State's witnesses only to the extent that they said that the deceased stood up during the argument and placed his hand on appellant's hand, the table being pushed against appellant during this movement. The appellant jerked his hand away and slid his chair back. The deceased stepped back from the table one to four steps and "went for his pocket." The appellant started firing.

It should be noted that except for the appellant all of the defense witnesses stated that they did not see the deceased pull a weapon of any sort. Nor was one found on his body.

The appellant's version was to the effect that at the time he fired the deceased had pushed the table against him and was reaching over the table trying to use a knife on him. He warded deceased off with his right hand and shot with his left.

■ No reversal will be predicated in this cause because of the court's action in sustaining the State's objection to a question propounded to State witness Thomas on cross examination as to how long the appellant had been on crutches. The fact that appellant was crippled by arthritis was undisputed. The appellant was on crutches during the trial and testified without objection that he had been crippled since 1948, and that on the day of the shooting he had received medical treatment which had made him so ill he had to be brought home and put to bed.

■ For the same reason, and pretermitting consideration of the correctness of the ruling per se, error will not be predicated upon the action of the court in sustaining the State's objection to a question propounded to defense witness Young if he knew whether appellant "has to go to the doctor every several days."

■ During the examination of several of the witnesses the court sustained the State's objections to questions seeking to elicit testimony as to whether the deceased had had arguments with some of the other men in the room prior to the difficulty between the appellant and deceased. There was no showing that these arguments were in any way related to or contributed to the difficulty between the appellant and deceased. In fact the clear inference from the evidence shows that the encounter between the appellant and deceased was a matter entirely separate and independent of these other occurrences.

The evidence sought was therefore res inter alios acta, immaterial, and irrelevant to the issues, and properly eliminated from the trial below. Smith v. State, 142 Ala.

**134**

14, 39 So. 329; Patterson v. State, 21 Ala. App. 464, 109 So. 375; Williams v. State, 254 Ala. 94, 47 So.2d 417; Foster v. State, 30 Ala.App. 541, 9 So.2d 29.

Clearly no error resulted in sustaining the State's objection to a question propounded to the appellant on direct examination as to whether he had been present when the deceased had pulled knives on other people. Specific conduct cannot be a basis for attempting to show reputation. See Alabama Digest, Criminal Law, ⊜ 380 for innumerable authorities.

Requested charges 2, 6, 7, and 11, being affirmative in nature, were properly refused under the evidence. In addition charge 7, pertaining to murder in the first degree, was rendered abstract by the verdict.

Charge 1 was faulty and properly refused. In addition the principle sought to be covered by this charge was amply covered by the oral charge of the court and other written charges given at request of the appellant.

Counsel for appellant argues that the court in its oral charge "hinted" that the house in which the killing took place was not appellant's home. We do not so interpret the court's language. Regardless, no exception was reserved to the court's oral charge, and in fact counsel for appellant announced he was satisfied with it at its conclusion. There is nothing therefore before us for review in this regard.

Several other rulings by the court relative to the admission or rejection of evidence are argued in appellant's brief. Without intimating that merit might attach to such propositions we note that in all such instances no exception was reserved to the court's rulings. These rulings cannot therefore be reviewed on appeal. See Alabama Digest, Appeal and Error, ⊜ 260(1), (2), and (3).

Affirmed.