32 So.2d 241

**SHEWBART v. STATE.**

8 Div. 578.

Court of Appeals of Alabama.
June 10, 1947.

Rehearing Denied June 30, 1947.

——◆——

J. Foy Guin, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

This appeal is from a judgment of conviction below for illegally possessing a still. Title 29, Sec. 131, Code 1940.

The factual issues, in the main, revolve around the identity of the accused. It is without dispute in the evidence that officers found two large stills in close proximity to each other. They were unassembled, but all of the component parts were found near by.

The State witnesses testified that while they were in hiding the defendant, with axe in hand, came to the still place and built a fire in one of the furnaces. It was during the daylight when the raid was made. The officers stated that they had known the appellant for many years and positively and unequivocally identified him as being among those who ran away from the place when the raiding party was observed.

The accused denied he was there and disclaimed any knowledge of or connection with illegal outfit.

■ Clearly a jury question was posed, and the defendant was not due the affirmative charge. Smith v. State, 21 Ala.App. 460, 109.So. 294; Rikard v. State, 31 Ala. App. 374, 18 So.2d 435; Bradley v. State, 31 Ala.App. 475, 18 So.2d 702.

The record on this appeal is not voluminous, and there are comparitively few questions presented for review.

Appellant's counsel was not permitted to elicit from the officers whether or not they appeared before the grand jury and there testified against the defendant and the grand jury refused to indict.

■ If the purpose of the question was for impeachment, it was competent to make preliminary inquiry with reference thereto; however, the inclusion of a wholly immaterial matter in the question justified the action of the court in sustaining objec-

tions to the whole thereof. Harris v. State, 17 Ala.App. 13, 81 So. 349; Harris v. State, 8 Ala.App. 33, 62 So. 477.

■ The trial judge properly excluded the statement of a witness that he "guessed" he was present in court when the case against another implicated person was nol prossed. The judge's statement, "that has nothing to do with this case," was certainly correct, and it was well within his province to so observe.

■ One of the officer witnesses testified that he saw the defendant at the latter's house on the afternoon of the day the still was raided. It was not error to allow him to also state that at that time the accused ran. The tendency of this evidence was to show an effort to avoid arrest. The authorities sustain its admissibility. Carden v. State, 84 Ala. 417, 4 So. 823; James v. State, 14 Ala.App. 652, 72 So. 299.

■ It appears from the evidence that the appellant was not promptly arrested. In fact, he was drafted into the army, and it was after his discharge when he was taken into custody and tried. The accused attempted to prove that he was wearing his discharge button at the time he was arrested. All credit, honor, and praise to those who served in our armed forces and may they ever wear their discharge buttons with pride and satisfaction. May it be to them and to everyone a token of sacred service and sacrificial labor for a grateful people. Surely it was not to his discredit that he was wearing his discharge button at the time of his arrest, but it is equally true that proof of this fact was not pertinent to the issues in the case.

■ The record discloses that in argument counsel made effort to magnify the appellant's army tenure. The court was correct in disallowing this approach in argument to the jury.

The prime and most cogent insistence in brief of able counsel is hypothecated upon the following incident which we copy in its entirety and verbatim as it appears in the record:

"Defendant objects to the statement by the Solicitor that the fact that he did not come in and give himself up is evidence of consciousness of his guilt.

"By the Court: Under the circumstances it is legitimate argument and in answer to the argument before them of no arrest. I think it is within the bounds of argument. Overrule the objection.

"By Mr. Guin: Defendant reserves an exception."

■ It will be noted that the trial court based his ruling on the premise that the assertion was in answer to argument of appellant's counsel that had preceded. In this fragmentary state of the record we are not privileged to perceive an accurate and complete picture of the situation. Error must affirmatively appear, and we must indulge our presumptions in favor of the action of the trial court.

As the text writer observed in 3 Am. Jur., p. 489, Sec. 923: "Where the record is silent, it will be presumed that what ought to have done was not only done, but was rightly done; but when the record states what was done, it will not be presumed that something different was done. In other words, a presumption will not be indulged which does violence to the facts as presented by the record of the court."

See also, Robertson v. State, 29 Ala.App. 399, 197 So. 73.

■ We take it, therefore, that the assertion upon which complaint is predicated was in answer to an argument which had been made by counsel for appellant. The record authorizes this conclusion.

■ In our jurisdiction we have adhered to the rule announced in 23 C.J.S., Criminal Law, sec. 1108, at page 587: "As a general rule, however, remarks of the prosecuting attorney, including such as might or would otherwise be improper, are not grounds for reversal where they are invited, provoked, or occasioned by accused's counsel and are in reply to or retaliation for his acts and statements * * *."

See Alabama cases cited under footnote 82 to the Section indicated just above. See also, Alabama Great Southern R. Co. v. Hill, 93 Ala. 514, 9 So. 722, 30 Am.St.Rep. 65; Hanners v. State, 147 Ala. 27, 41 So. 973; Gilliland v. Dunn & Co., 136 Ala. 327,

34 So. 25; Hines v. Paden, 204 Ala. 592, 87 So. 88; McQueen v. Jones, 226 Ala. 4, 145 So. 440; Roden v. State, 3 Ala.App. 193, 58 So. 74; Barney v. State, 5 Ala. App. 302, 57 So. 598; Wilson v. State, 31 Ala.App. 21, 11 So.2d 563.

The instant question was again presented as a ground in a motion for new trial. However, we are not aided in any manner by this additional method of review. There was no testimony taken on the hearing of the motion, and we are in no way apprised of the verbiage of the argument to which reply was made. Faulks v. State, 17 Ala. App. 627, 88 So. 189; McQueen v. State, 17 Ala.App. 628, 88 So. 190.

We are not deciding the question of the propriety vel non of the statement in argument under review. We are basing our holding on the well recognized rule which is sometimes denoted in the books as "reply in kind" or "invited error."

What we have already written will serve to illustrate and demonstrate our view that we should not disturb the action of the primary court in overruling the motion for new trial on the ground that the verdict was against the great weight of the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Wilson v. State, 30 Ala.App. 126, 3 So. 2d 136; Pate v. State, 32 Ala.App. 365, 26 So.2d 214.

The judgment of the nisi prius court is ordered affirmed.

Affirmed.