328 So.2d 642

**Amburs COLEMAN, alias**

v.

**STATE.**

**Div. 435.**

Court of Criminal Appeals of Alabama.

March 9, 1976.

William T. Denson, Goodwater, for appellant.

William J. Baxley, Atty. Gen. and Sarah M. Greenhaw, Asst. Atty. Gen. for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was convicted of murder in the second degree. The jury fixed the minimum punishment, imprisonment in the penitentiary for ten years. He was sentenced accordingly.

According to the evidence for the State, the body of the alleged victim was found on January 25, 1975, at approximately 4:00 P.M., in a residential section of Ashland. He was there examined by the coroner, the chief of police and others. There were four bullet "holes" in the body. The record is not clear as to which, if any, were entrance holes as distinguished from exit holes. Pictures of the body were introduced in evidence. A witness pointed to some of the holes as shown by the pictures, but we cannot tell from the record what holes were pointed to by the witness. Before being taken to the funeral home, the body was observed by the Ashland chief of police and by the Clay County coroner. Soon thereafter Chief of Police Alexander, accompanied by State Trooper Jack Watley, went looking for defendant. Upon locating him, they arrested him, and at the time of his arrest defendant handed them a seven-shot pistol, 22 caliber, which had seven fired cartridges in it at the time.

For a conviction, the State relied chiefly upon an admission by defendant that he had killed with the pistol mentioned the victim alleged in the indictment. The admission was made to the sheriff of Clay County, who testified that defendant had been given all the warnings required before a confession becomes admissible in evidence, had been fully advised of his privilege against self-incrimination, of his right to counsel, and the record presents no question as to the voluntariness of the admission made by defendant. He claimed in the statement that he was afraid of the victim, that there had been some ill feeling between them about a woman, that he saw the victim "on his knees behind my house digging for something. I called him by name. Jack turned his head toward me and put his right hand toward his right front pocket. I pulled my gun from my pocket and shot four times as fast as I could."

There were no eye witnesses to the killing, except defendant, who took the stand, admitted the killing and continued to claim that he was acting in self-defense. As to what occurred at the time of the shooting, defendant's testimony did not vary substantially from the previous statement made by him as quoted above.

 We agree with appellant that the evidence was not as clear and satisfactory as it could have been to the effect that the victim was killed by being shot with a pistol as charged in the indictment, but we do not agree with the contention that a professional autopsy, was necessary or that proof of death under the circumstances here presented could have only been made by an expert witness. No special kind of evidence is necessary to prove the corpus delicti. Circumstantial evidence is sufficient. *Hearns v. State,* 47 Ala.App. 725, 261 So.2d 64; *Dawson v. State,* 48 Ala. App. 594, 266 So.2d 806, cert. denied 289 Ala. 741, 266 So.2d 812. The evidence, including the photographs, was sufficient to show that the victim was shot by projec-tiles from a deadly weapon, that he did not take his own life, that death did not result from an accident or natural causes, and all the circumstances indicate that a felonious homicide had taken place. In the absence of other evidence, some evidence indicating the contrary, the circumstances shown were sufficient to form the basis for a finding that a murder had been committed. *Price v. State,* 52 Ala.App. 21, 288 So.2d 803; *Taylor v. State,* 44 Ala.App. 575, 217 So.2d 86. It is clear that the bullet wounds in the victim were of recent origin when the body was found. No such case as *Welch v. State,* 45 Ala.App. 657, 235 So.2d 906, involving an intervening cause of death occurring more than two months after the victim was shot in a leg, is here involved.

 Proof of the corpus delicti was in no way dependent upon the confession. Proof of corpus delicti alone is not sufficient upon which to base a conviction, but proof thereof may be aided by admissions or confessions of accused admitted as evidence, so as to satisfy a jury beyond a reasonable doubt of the guilt of accused. *Hicks v. State,* 247 Ala. 439, 25 So.2d 139; *Gaddis v. State,* 39 Ala.App. 630, 106 So.2d 268.

Defendant's testimony furnished little, if any, evidence to support his claim of self-defense. We can fully understand that a jury, even though it believed that defendant's testimony was substantially true, was not convinced that he was in real or apparent danger of death or bodily harm at the time he intentionally fired the fatal shots.

The action of the trial court in overruling defendant's motion to exclude the testimony at the close of the State's case and in submitting the case to the jury for a verdict was free of error.

We have considered hereinabove all of the contentions made by appellant. In addition, we have searched the record for

any error prejudicial to him and have found none.

The judgment appealed from should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

AFFIRMED.

All the Judges concur.