This is an appeal from a conviction of grand larceny and a sentence of imprisonment for a term of five years.
By the undisputed testimony of Ned Brannon, the corpus delicti of the alleged crime was established. He testified that when he opened Brannon's Curb Market in Opp, Alabama, on a day in August, 1977, after he had closed it the night before, he discovered that a piece of metal was ripped off a metal enclosure of the back of the building and that there was a hole in it. Upon making this discovery, he went inside and found that the sum of thirty-four dollars and ninety cents was missing from the cash register subsequent to the time he "checked up the night before." He was the owner and operator of the market and had given no one permission "to go in there and take that" and it had not been returned to him.
The only testimony connecting appellant-defendant with the burglary or larceny was his own subsequent handwritten statement as follows:
"August 26, 1977
 "I Kenneth E. Henley at about 12:00 o'clock Sunday night went in the side of Ned Bannon [sic] business. I Kenneth Henley took approximately $15 in coins and 1 beer which was in the cooler in the lounge and then I left about 12:10 and went home."
The statement was signed "Kenneth E. Henley." *Page 1150 
There was abundant evidence that defendant, seventeen years of age at the time of the alleged crime, who had voluntarily and understandingly waived his right to juvenile offender treatment after being advised thereof by the court, was fully advised as to his Constitutional rights before the above quoted incriminating statement was obtained from him. He signed the statement deliberately after all Miranda requirements were met.
Neither constitutionally permissible proof of defendant's voluntary confession nor proof of the corpus delicti, standing alone, is sufficient to sustain a conviction, but the evidence is sufficient if it contains proof of such a confession and proof of the corpus delicti by evidence not furnished by defendant. Mose v. State, 36 Ala. 211 (1860); White v. State,49 Ala. 344 (1873); Hicks v. State, 247 Ala. 439, 25 So.2d 139
(1946); Gaddis v. State, 39 Ala. App. 630, 106 So.2d 268 (1958);Arnold v. State, 57 Ala. App. 172, 326 So.2d 700 (1976); Tannerv. State, 57 Ala. App. 254, 327 So.2d 749 (1976); Coleman v.State, 57 Ala. App. 392, 328 So.2d 642 (1976).
Defendant took the stand on the trial and denied guilt and repudiated the confession he had made. In explanation, he testified that the officer to whom he gave the confession had stated to defendant that he had a witness who would testify as to defendant's guilt. The officer testified that defendant's younger brother had told the officer that defendant had stolen the money. The younger brother testified for defendant to the effect that he had not told the officer that defendant stole the money.
No effort was made by the State to explain the discrepancy between the amount of money taken from the cash register and the amount referred to in defendant's statement.
Notwithstanding our appreciation of appellant's insistence as to the weakness of the State's case, we conclude that a jury question was presented. The overruling of defendant's motion for a new trial was well within the province of the trial court. As was aptly and adequately stated by our now Presiding Judge Harris in Binon v. State, 57 Ala. App. 234, 327 So.2d 729,732, cert. denied 295 Ala. 391, 327 So.2d 732 (1975):
 "Appellant's motion for a new trial was overruled and denied. In reviewing the refusal of a motion for a new trial, this court will indulge every presumption in favor of the correctness of the ruling of the trial court and the decision thereon rests largely within the discretion of the trial judge. Espey v. State, 270 Ala. 669, 120 So.2d 904; Owens v. State, 40 Ala. App. 36, 109 So.2d 141; Moore v. State, 52 Ala. App. 179, 290 So.2d 246; Jones v. State, supra. [54 Ala. App. 251, 307 So.2d 59]"
Before the evidence commenced and while counsel for the prosecution was stating its case to the jury, the following occurred:
 "MR. McGILL: Now, this offense arose out of a burglary accompanied by a felonious taking of Ned Brannon's Curb Market which is on Highway 331, south going out of Opp. If you are acquainted with Opp, it's fairly close to the Dairy Queen there. . . .
 "MR. COOK: Wait just a moment. We want to put in an objection to anything about burglary. We didn't hear him read any burglary count in the indictment.
"THE COURT: Overruled.
"MR. COOK: We except."
It is true that there was no count in the indictment charging burglary. Even so, according to the evidence, whatever larceny occurred took place following a burglary, and evidence as to the burglary was relevant to the question of the felonious intent that is an element of the crime of grand larceny. The statement of counsel for the State was an appropriate part of the summary of what he expected the evidence to show. The court correctly overruled defendant's objection to the statement. No contention was made on the trial, and no contention is made here, that the evidence relative to a burglary was not admissible. A statement based on facts admissible in evidence is proper. Higdon v. State, *Page 1151 25 Ala. App. 209, 143 So. 213 (1932). The statement was no more harmful to defendant than was the evidence that was properly admitted as to the burglary and cannot be made the basis of reversible error.
Trial counsel should be allowed ample latitude in presenting to the jury in his opening statement what he expects the evidence to show. The trial judge is given wide discretion in determining what statements are proper. Rogers v. State,49 Ala. App. 78, 268 So.2d 859 (1972); Ballard v. State,51 Ala. App. 393, 286 So.2d 68 (1973).
Appellant complained that the trial court erroneously allowed the State to cross-examine appellant's younger brother as to statements he had made to police officers in the past. He had been interrogated by defendant's counsel as a witness for defendant and had testified that he did not tell the officer to whom defendant gave an incriminating statement that defendant stole the money. In such interrogation, he was asked whether he "ever" gave "any such information to any police officer anywhere" and he replied that he did not. The particular action of the trial court made the basis of the complaint now considered is shown at the beginning of the cross-examination of defendant's brother as follows:
 "Q Talking about statements, how many statements have you given police in the past?
 "MR. COOK: Now, we object to that unless it relates to this case.
"THE COURT: Overruled.
"MR. COOK: We except.
"Q How many have you given?
"A Statements?
"Q Uh hum.
"A On this charge?
"Q No, on, Oh, six or eight charges on you?
"A That are on me?
"Q Yes.
"A Oh, several.
 "Q Several. You are up there about every weekend, aren't you, giving them statements about something?
"MR. COOK: Now, if the Court please, we object . . .
"THE COURT: Yes, sustained.
 "Q The fact is, you are under two indictments right now, aren't you?
"MR. COOK: We object to . . .
"THE COURT: Yes, I sustain.
"MR. McGILL: That's all.
"MR. COOK: That's everything.
"THE COURT: Come down."
It may well be that State's counsel went further than he should in this case to show the possible previous criminal conduct of defendant's brother, but the court sustained objections to all questions asked the witness on cross-examination except the first question as to how many statements he had given police in the past. At that time, it seemed to be a legitimate inquiry in an effort to test the recollection or credibility of the witness on the issue whether he had made the statement attributed to him that defendant was guilty of the larceny involved in this case. As soon as an objection was made by defendant to an extension of the cross-examination to matters that went beyond testing of the witness' credibility or recollection, the court by its ruling brought the cross-examination to an end. The court was not in error in any of its rulings made the basis of the claim of error now particularly considered.
We have searched the record for any error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur. *Page 1152