A jury found defendant guilty of robbery. The court fixed his punishment at imprisonment for twelve years and sentenced him accordingly.
During the closing argument of counsel for the State the following occurred:
 "MR. NAIL [Counsel for the State]: Mr. Purvis [Counsel for Defendant] said, `Well, he had three weeks. He could go out here and find somebody that looked similar to Mr. Camper.'
 "If you recall, Mr. Purvis asked the witnesses about the preliminary hearing and court appearances back in January, 1979.
 "He has had a year. Why didn't he go out and bring them in here? If he is so confident, he could find three people.
 "MR. PURVIS: Just a minute, just a minute. I object. You know I have never said I would bring them in here, because I know I would be put in jail if I did.
"THE COURT: Well, he —
"MR. PURVIS: I object to it.
"THE COURT: He is permitted to reply in kind.
 "MR. PURVIS: I did not argue that I would bring them in here.
 "THE COURT: I overrule your objection, and the jury — I will leave it to you, Ladies and Gentlemen, to take the things as you heard them. I don't tell you what you heard."
Appellant argues that, as the only live issue in the case was as to the identity of defendant as the robber, after eyewitnesses as to his identity and another witness had been extensively and intensively interrogated by defendant out of the presence of the jury, the part of the argument of counsel for the State quoted above constituted "improper remarks" that implied that "the burden of proof is on the defendant" and that they were "prejudicial and grounds for reversal."
It is to be noted from the copy of the transcript that the present criticism of the particular argument was not made a basis for the objection made by the defendant on *Page 638 
the trial. Assuming that appellant is correct in his interpretation of the nature and effect of the particular argument, the situation now presented is similar to the one treated in Owens v. State, 291 Ala. 107, 112, 278 So.2d 693
(1973):
 "Our holding affirming the trial court's overruling of the objection is not to be understood as upholding such prejudicial argument, but is founded on the fact that the grounds stated in the objection to the argument did not invoke a ruling of the court based on the prejudicial effect of the argument; nor was this contention made a ground of the defendant's motion for a new trial. Consequently, since we may review only the rulings of the trial court, we find that above objection was properly overruled. See Anderson v. State, 209 Ala. 36, 95 So. 171."
Furthermore, we are not persuaded that the particular argument implied, or that there was a basis for an inference therefrom, that any burden of proof was on the defendant. The difference between the attorneys for the respective parties at the time of the court's ruling was as to what counsel for defendant had previously said in his argument. We do not have before us what he said. It also appears that possibly there was some difference between the attorneys as to the probable implication, or probable or proper interpretation, of what defendant had said. At any rate, the trial court concluded that the State's argument was a reply in kind to what counsel for defendant had argued. There is nothing before us to convince us that the trial court was incorrect in this conclusion.
The argument of appellant to the effect that the State, with the resources and personnel at its command, could more expeditiously and efficiently have produced persons for a lineup who resembled defendant than his attorney, with the aid of defendant and his friends, could have produced for the trial of the case, is an interesting theorem but falls far short of an axiom. A particular individual could well have an acquaintance with or knowledge of persons who resemble him that would furnish better information for their production than any information possessed by the prosecution.
We have searched the record for error and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.