The defendant was indicted and convicted for murder. Alabama Code 1975, Section 13A-6-2. Sentence was thirty years' imprisonment.
 I
The trial court's refusal of the defendant's written requested jury instructions numbers 10 and 13 was not properly objected to and preserved for review. Allen v. State,414 So.2d 989 (Ala.Cr.App. 1982), affirmed, 414 So.2d 993 (Ala.). See Rule 14, Temporary Rules of Criminal Procedure, effective July 16, 1982.
More importantly, a review of the court's oral charge convinces us that the requested charges were "substantially and fairly" given to the jury in the court's general charge. Section 12-16-13.
 II
The defendant filed a special plea of not guilty by reason of mental disease or defect under Section 13A-3-1. Although there was no evidence that the defendant had been involved in any repeated criminal or otherwise antisocial conduct, the trial court charged the jury, under Section 13A-3-1 (b), that "the term mental disease or defect does not include an abnormality of the mind which is only manifested by the repeated criminal or other antisocial conduct of a person."
The giving of an abstract charge which asserts a correct legal proposition does not operate as reversible error "unless it appears that on account of the circumstances of the case and the character of the charge given it was calculated to prejudice." McPhearson v. State, 271 Ala. 533, 540,125 So.2d 709 (1961); Traywick v. State, 378 So.2d 1196 (Ala.Cr.App. 1979). Although the particular charge was unsupported by any evidence, the record fails to establish any possible prejudice to the defendant.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 286