SAM TAYLOR, Judge.
Appellant Mickey Dewaine Sullivan was convicted of robbery in the first degree and sentenced as a habitual offender to life imprisonment. The evidence tended to show that the victim of the robbery, Mr. Willie Carpenter, had known the appellant and his brother most of their lives. On the date of the offense, he gave the Sullivans a ride in his truck to a location near a graveyard, where they said they would like to get out. Appellant asked Carpenter if he had any money. Carpenter said no, and appellant said, “Well, we’ll see,” and grabbed the ignition key and jumped out of the truck.
Carpenter stepped out of the truck armed with a butcher knife. Appellant hit him across the arm and then over the head with a 2V2-foot-long board. Appellant said, “You don’t believe I’ll kill you.” At this point, Tisdale Sullivan stepped between Carpenter and the appellant, and pushed appellant back a little way. The Sullivans then tied Carpenter to a pine tree by his throat and also tied his hands behind him. They took his money and his pocket knife. All of these events occurred in the northern portion of Mobile County, Alabama.
Carpenter was the first witness for the state. Photographs demonstrating the injuries suffered by the victim were received in evidence over objection.
Appellant contends that the trial court erred in permitting a law enforcement witness to refresh his recollection of a confession by the appellant by referring to a transcription of a taped recording of the confession. It appears that after the appellant made a tape recorded confession, the recording was transcribed and the matter on it was erased so that the tape could be reused. The transcription was never offered into evidence, but was merely referred to by Detective Tillman of the county sheriff’s department. The witness only employed it to refresh his recollection of a statement made to him by the appellant. We find no violation of the rule permitting the revival of a present recollection. The principles regarding the use of a memorandum are well set out in Judge Bowen’s opinion in Gibson v. State, 347 So.2d 576 (Ala.Cr.App.1977) at 580, 581. No error was committed in this respect.
The best evidence rule has no application in this situation. 23 C.J.S. Criminal Law, Section 833(c) (1961); Beech v. State, 439 So.2d 1331 (Ala.Cr.App.1983). Consequently, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.