Robert Ray Henderson was indicted for the offense of receiving stolen property in the first degree, in violation of § 13A-8-17, Code of Alabama 1975. The jury found the appellant "guilty of receiving stolen property in the second degree" and following a sentencing hearing, the trial judge sentenced the appellant to seven years' in the penitentiary.
The appellant does not challenge the weight and sufficiency of the evidence, therefore rendering a statement of the facts unnecessary.
 I A
The appellant contends that the trial court erred to reversal in refusing some 65 written requested charges. Such contention is without merit.
 "The refusal of a charge, though a correct statement of law, shall not be cause for a reversal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of the parties."
Ala. Code § 12-16-13 (1975). See also, Lambeth v. State,380 So.2d 922 (Ala.Crim.App.), reversed on other grounds,380 So.2d 923 (Ala. 1979), on remand, 380 So.2d 925 (Ala.Crim.App. 1979), cert. denied, 380 So.2d 926 (Ala. 1980); Jackson v. State,414 So.2d 1014 (Ala.Crim.App. 1982); Campbell v. State,423 So.2d 284 (Ala.Crim.App. 1982); Williams v. State, 451 So.2d 411
(Ala.Crim.App. 1984).
We find from our review of the appellant's refused written charges and from the trial court's oral charge to the jury that such charges were substantially and fairly covered in the trial court's oral charge or the nine given written requested charges. (R. 79-80).
 B
Appellant further argues that the failure to give his written requested charges, numbers 17 and 70, constituted reversible error. A review of the record reveals that these charges dealt with the appellant's failure to testify during trial of the cause. A further review of the record also reveals that the failure of the trial court to give such requested charges was *Page 333 
not excepted to at the conclusion of the court's oral charge as is required by Allen v. State, 414 So.2d 989 (Ala.Crim.App. 1981), affirmed, 414 So.2d 993 (Ala. 1982). The failure to so except precludes this court's review of this matter. Allen, supra; Hill v. State, 409 So.2d 943 (Ala.Crim.App. 1982);Campbell, supra.
Moreover, these two written requested charges were withdrawn from the trial court's consideration at the request of defense counsel, before the oral charge to the jury was given. (R. 62). Counsel stated that "charge 70 and like charges were withdrawn."
Therefore, the failure to give such charges is not error.
 II
The appellant alleges that the trial court committed reversible error in allowing the prosecutor to make a reference, during closing arguments, to the appellant's ability to get probation.
This court has held on many occasions that in order to determine whether a statement of the prosecutor was improper, "it must be examined in its context and in light of what had transpired, that is, in light of preceding argument of defense counsel, to which the prosecutor's argument was an answer."Washington v. State, 259 Ala. 104, 65 So.2d 704 (1953); Gibsonv. State, 347 So.2d 576 (Ala.Crim.App. 1977); Rutledge v.State, [Ms. 5 Div. 610, August 16, 1983] (Ala.Crim.App. 1983). The rule in Alabama is that "remarks or comments of the prosecuting attorney, including those which might otherwise be improper, are not grounds for reversal when they are invited, provoked, or occasioned by accused's counsel and are in reply to or retaliation for his acts and statements." Shewbart v.State, 33 Ala. App. 195, 32 So.2d 241, cert. denied, 249 Ala. 572, 32 So.2d 244 (1947); Camper v. State, 384 So.2d 637
(Ala.Crim.App. 1980); Wilder v. State, 401 So.2d 151
(Ala.Crim.App.), cert. denied, 401 So.2d 167 (Ala. 1981), cert. denied, 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981);Miller v. State, 431 So.2d 586 (Ala.Crim.App. 1983); Rutledge, supra. This court stated in Miller, supra at 592:
 "It is true that argument by a District Attorney to a jury that a defendant convicted and sentenced to the penitentiary may be eligible for pardon or parole is improper and has been held to be reversible. Eaton v. State, 278 Ala. 224, 177 So.2d 444 and Lee v. State, 265 Ala. 623, 93 So.2d 757. However, it is further held if that argument is in reply to argument by the defense that the defendant, if convicted, will be sentenced to the penitentiary, the rule above referred to does not apply and the district attorney is within his rights in making his reply to a subject first introduced in argument from the defendant. Matthews v. State, 54 Ala. App. 359, 308 So.2d 718
(1975)."
This record reflects that the prosecutor's argument was merely a reply in kind to the appellant's counsel's argument concerning punishment. Further, control of closing arguments rests in the broad discretion of the trial judge and where no abuse of discretion is found, there is no error. Elston v.State, 56 Ala. App. 299, 321 So.2d 264 (1975); Robinson v.State, 439 So.2d 1328 (Ala.Crim.App. 1983); Thomas v. State,440 So.2d 1216 (Ala.Crim.App. 1983). The trial judge can best determine when discussion by counsel is legitimate and when it degenerates into abuse. Garrett v. State, 268 Ala. 299,105 So.2d 541 (1958); Hurst v. State, 397 So.2d 203
(Ala.Crim.App.), cert. denied, 397 So.2d 208 (Ala. 1981). There was no abuse of discretion in this case. Therefore, the prosecutor's comment to the jury concerning punishment and probation was not error.
We have carefully reviewed the transcript for errors injurious to this appellant and find none therein.
The judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 334