TYSON, Judge.
James W. Stephens was indicted in six separate indictments for the unlawful sale of drugs in violation of § 20-2-70, Code of Alabama 1975. The jury returned a verdict of “guilty as charged” on each indictment and, following a sentencing hearing, the trial judge fixed punishment at 10 years in the penitentiary as to each guilty verdict, said sentences to run concurrently.
The appellant does not challenge the weight and sufficiency of the evidence, thus, only a brief rendition of the facts surrounding this cause is necessary.
The case arose out of an investigation of this appellant by the Montgomery, Alabama Police Department, for dispensing drugs from Sav-Mart Pharmacy without proper prescriptions; One Ernest Timmons was given a prescription dated July 30, 1984 and signed by one Dr. William Abernathy for Tylenol 3, a controlled substance containing codeine. This prescription stated that there should be no refills. Tim-mons took the prescription to Sav-Mart and had it filled by this appellant. Timmons returned on two subsequent occasions and obtained a refill of this prescription from this appellant. Dr. Abernathy testified that he did not authorize any refills, orally, of this prescription, nor did his records indicate any refills being authorized by anyone else in his office.
One Lanise Morgan also worked in the investigation of this appellant. Morgan was supplied with a prescription for Darvo-cet N-100, by Mr. Dru Lackey, a drug investigator with the State Board of Pharmacy. Lackey obtained the prescription from Dr. Jeff Daughtery. This prescription was also for a controlled substance and authorized no refills. Morgan took this prescription to Sav-Mart and had it filled. On October 2, 1984, Morgan went back to Sav-Mart and obtained a refill of this prescription. On November 5, 1984, Morgan went back to Sav-Mart and once again had the prescription refilled.
Dr. Daughtery authenticated this prescription at trial and stated that it authorized no refills and should not have been refilled without subsequent authorization. He further stated that he did not authorize a refill on either October 2,1984 or November 5, 1984.
Dru Lackey further stated that a prescription was required for both Tylenol 3 and Darvocet N-100. He verified that no refills were permitted by the face of the two prescriptions. Lackey also stated that a pharmacist must maintain a record of any oral refill authorization and that he found no such record with regard to these two prescriptions during his investigation.
Roberta Johnson called this appellant on March 8, 1985. This call was recorded by the Montgomery Police with the permission of Johnson. In this conversation, Johnson told the appellant that she wanted some Tylenol pills. Appellant told her to come by Sav-Mart and he would give her some. Johnson and Corporal Burks then proceeded to Sav-Mart. Johnson went in the store and the appellant gave her some Tylenol 3 without a prescription. On March 13,1985, *784 Johnson and Burks again went to Sav-Mart. Johnson went into Sav-Mart and the appellant again gave her some Tylenol 3 without a prescription. Johnson and Burks also went to the Sav-Mart Pharmacy on March 6, 1985. Johnson entered the store on that date and obtained some Tylenol 3 from the appellant without having a prescription.
One Elizabeth Armstrong testified that, on or about December 8, 1984, she went to Sav-Mart without a prescription and the appellant gave her some Paregoric. She went back again the next day and the appellant gave her some more Paregoric, also without a prescription.
Allen Adair, a drug chemist employed by the Department of Forensic Science, testified that he analyzed each of the drugs in question and found them to be Tylenol with codeine and Darvocet N-100. He further testified that Paregoric contains codeine and opium and is a controlled substance.
Appellant’s defense in this cause was essentially that he did give the drugs to the persons involved. However, he only gave them after receiving oral authorization for the refills from the physicians’ office.
I
The appellant contends that the trial court erred in allowing into evidence, over his objection, evidence that the appellant had a shortage of some 7,000 pills at Sav-Mart.
Dru Lackey, an investigator with the State Board of Pharmacy, testified that he performed an audit of this appellant’s pharmacy in January, 1985 and that he discovered a shortage of over 7,000 Darvocet pills. Lackey stated that he compared the invoices to prescriptions on file, took an inventory of the drugs on hand, the number purchased, and subtracted that, which gave him the amount for which the appellant was accountable. Lackey stated that there was not a prescription in the appellant’s file from January 1, 1984 through December of 1984 for this drug. As a result of this audit, the appellant was short over 7,000 Darvocet pills which could not be accounted for through the appellant’s records.
The appellant argues that allowing this testimony into evidence was error, contending in essence that such was evidence of his doing another, or different, act, which itself was a crime, and that the only function of the evidence was to show bad character. During the trial of this cause, the trial court stated that the evidence of the audit was admissible under Chesteen v. State, 365 So.2d 102 (Ala.Crim.App.1978).
In Chesteen, this court held that an audit revealing a shortage of some 17,000 pills was admissible as it related that the pills were “disposed of in some manner other than by prescription”. As such, this evidence was admissible to show the “complete story”. See Brantley v. State, 294 Ala. 344, 317 So.2d 345 (1975).
We agree with the trial court in this instance. The appellant was charged with selling, furnishing or giving away controlled substances without a prescription. The audit of appellant’s pharmacy revealed a substantial shortage of drugs of the type which this appellant was charged with dispensing contrary to law in this cause. It further showed that no prescriptions were on file or on record to account for the shortage of these pills. This evidence, therefore, was admissible under Chesteen, supra.
II
Appellant argues that the trial court erred in refusing his written requested charge as to a lesser included offense.
The appellant testified at trial that, in each of the cases where he was charged with dispensing controlled substances without a prescription, he had the approval of a physician which he had obtained over the telephone. At the close of the evidence, the appellant submitted a written requested charge concerning what he alleges to be the lesser included offense of the failure to keep proper records as required by law.
It is clear from a review of the record that the trial court was correct in refusing to give this written requested charge. As pointed out by the trial judge, *785 the facts of this cause did not justify the giving of any lesser included offense charges. The State elected to proceed under the “sale counts” of the indictments against this appellant. The facts of this cause, i.e., the appellant’s selling, furnishing, or giving away controlled substances contrary to law (without a prescription) and the appellant’s defense in this cause result in a finding that he was either guilty of the alleged criminal sale or dispensing of drugs without a prescription or that he was innocent.
It is clear that the trial court may properly refuse a written requested charge which is not applicable to the evidence as presented at trial. Further, a court can refuse to charge the jury as to a lesser included offense when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of any lesser offense. See Rogers v. State, 417 So.2d 241 (Ala.Crim.App.1982); Taylor v. State, 408 So.2d 551 (Ala.Crim.App.1981), cert. denied, 408 So.2d 555 (Ala.1982); Wesley v. State, 424 So.2d 648 (Ala.Crim.App.1982); McDaniel v. State, 446 So.2d 670 (Ala.Crim.App.1983). The trial court was not in error in refusing this charge as requested.
Ill
The appellant contends that the trial court erred in charging the jury as to the law concerning refill of prescriptions and the authorized sale of controlled substances. He argues that the trial court charged the jury that it was unlawful for a pharmacist not to keep a record of all prescriptions and that, if the trial court was going to give this charge, he should have gone further and charged the jury that such violation is only a misdemeanor.
This court need not address the merits of this contention as it was not preserved for review. A review of the record in this cause reveals that this portion of the oral charge was neither objected to nor an exception taken with reference to this charge at the conclusion of the trial judge’s oral charge. The only objection and exception taken by the appellant at trial was to the trial court’s refusal of his written requested lesser included offense charge. (See R. 317-318). The failure to object or except to this portion of the oral charge precludes this court’s review of this matter. Allen v. State, 414 So.2d 989 (Ala.Crim.App.1981), affirmed, 414 So.2d 993 (Ala.1982); Campbell v. State, 423 So.2d 284 (Ala.Crim.App.1982); Rule 14, Alabama Temporary Rules of Criminal Procedure.
IV
The appellant contends that the trial court erred in denying his motion for new trial as to the allegation of appellant’s incompetence to stand trial.
At the motion for new trial hearing in the court below, the appellant presented testimony that, at the time of his trial, he was suffering from a severe and painful kidney stone condition and was taking medication for this condition. The appellant contends that, due to his being under the influence of this medication, the trial court should have found him incompetent to stand trial and should have granted him a new trial for this reason.
The general rule with regard to competency to stand trial, when raised in a post-conviction proceeding, is that the burden of establishing the alleged incompetence is on the appellant. See Eathorne v. State, 448 So.2d 445 (Ala.Crim.App. 1984). The standard to be applied in determining competence is that the defendant must be unable to consult with his attorney and not have a rational and factual understanding of the proceedings against him. See Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); United States v. Robinson, 530 F.2d 677 (5th Cir. 1976); Eathorne, supra. Even a claim of present drug use does not, per se, render a defendant incompetent to stand trial. See United States v. Robinson, supra; United States v. Williams, 468 F.2d 819 (5th Cir. 1972); Eathorne, supra.
A review of the evidence adduced at the new trial hearing leads this court to the conclusion that this appellant failed to demonstrate that, at the time of the trial, he was incompetent due to the intake of narcotic drugs. The facts do not positively establish that appellant was unable to consult with his lawyer in the preparation of *786 his defense or that he did not have a rational and factual understanding of the proceedings at trial. The appellant took the stand in his own behalf and was able to testify in detail as to his defense which was offered for dispensing controlled substances without a prescription. There was testimony from trial counsel that appellant’s doctor told him that he would be able to testify later during the day, after having received an injection of morphine around 6:00 a.m. on the morning of the trial. The appellant did take the stand. He was the seventh witness to testify on the day of the trial, the same day on which he received this injection. Moreover, trial of this cause did not begin on this the second day of trial until after 2:00 p.m. The trial court was in the best position to observe appellant’s demeanor and conduct at trial.
In light of the evidence elicited at the motion for new trial hearing, we simply cannot hold that the trial judge abused his discretion in denying the motion for new trial on the grounds as stated above.
We have reviewed the record in this cause and find no errors which adversely effect the substantial rights of this appellant. Therefore, the judgment of the trial court is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.