The appellant, Jerre Chatom,* appeals his two convictions for second degree murder. He was sentenced to life imprisonment for each murder, with the sentences to run concurrently.
The appellant was originally convicted in 1976 for the shotgun slayings of two Mobile County sheriff deputies, Robert Stoltz and David Beck. On appeal, this court reversed the conviction and remanded the case. Chatom v. State,348 So.2d 828 (Ala.Cr.App. 1976). Thereafter, the Alabama Supreme Court reversed this court, and this court subsequently affirmed the appellant's conviction. Chatom v. State, 348 So.2d 838 (Ala.), on remand, 348 So.2d 843 (Ala.Cr.App. 1977). On October 27, 1988, the Eleventh Circuit Court of Appeals reversed the appellant's conviction and remanded the case on the grounds that the appellant had been denied effective assistance of counsel at trial. Chatom v. White, 858 F.2d 1479 (11th Cir. 1988), cert. denied, 489 U.S. 1054, 109 S.Ct. 1316,103 L.Ed.2d 585 (1989). The appellant was then retried in the Circuit Court for Mobile County, and his conviction was again reversed and the case remanded by this court. Chatom v. State, 591 So.2d 101
(Ala.Cr.App. 1990). On June 25, 1992, after the appellant's third trial, he was found guilty of two counts of second degree murder. He raises two issues on appeal.
 I
First, the appellant contends that the trial court erred in refusing to give several of his requested written jury charges. He specifically contends that it was error for the court to refuse to give charges 9, 10, 11, and 12, all of which dealt with withdrawal from a conspiracy. A thorough review of the record reveals that the trial court refused to give these requested charges because either they were covered in the court's oral charge or they *Page 224 
were incorrect statements of the law. This court held, inHarris v. State, 513 So.2d 79 (Ala.Cr.App. 1987):
 "Under Alabama Code 1975, § 12-16-13, a trial court does not commit error in refusing to give a requested charge where the import and intent of the requested charge are 'substantially and fairly' covered in its given charge even though the actual language of the requested charge is not employed in the oral charge."
Harris, 513 So.2d at 82-83.
Further, this court held in Stout v. State, 547 So.2d 894
(Ala.Cr.App. 1988), aff'd 547 So.2d 901 (Ala. 1989):
 "Requested jury charges must be considered in the light of, or in connection with, all other charges given by the trial court. Page v. State, 487 So.2d 999, 1008 (Ala.Cr.App. 1986). The trial court's refusal to give written requested charges does not constitute error when the charges are covered in the trial court's oral charge, are confusing or misleading, are inapplicable or abstract, or are an incorrect statement of the applicable law."
Stout, 547 So.2d at 898-99. (Citations omitted.) See alsoBlackmon v. State, 574 So.2d 1037 (Ala.Cr.App. 1990).
 "The refusal of a requested written instruction, although a correct statement of law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in other charges given at the request of the parties."
Rule 21.1, A.R.Crim.P.
We find that the jury was adequately instructed by the trial court regarding the concept of withdrawal from a conspiracy. The trial court did not err in refusing the appellant's requested charges.
 II
The appellant next contends that the trial court erred in overruling his objection to certain remarks made during the prosecutor's closing argument. He specifically contends that the prosecutor testified to facts not in evidence, and that the prosecutor thereby violated his right to due process.
During defense counsel's closing argument, he commented on the prosecution's failure to offer the testimony of certain Mississippi police officers, who possibly could corroborate the testimony of Charlie Graddick, then district attorney for Mobile County. Defense counsel made the following remarks during closing:
 "Ladies and Gentlemen, there's a startling lack of evidence here. As you ponder that point, lack of evidence, . . . where in fact are the Mississippi officers who picked up Mr. Chatom? Each and every officer who has been unavailable by death to present evidence in this case, they've offered an excuse for him not being here. Where are the detectives or the officers from Mississippi, who could corroborate, who could — who could offer some credibility to Mr. Graddick's memory."
The prosecutor, as part of his rebuttal, replied:
 "Because if you ain't going to believe Charlie Graddick, you ain't going to believe the Mississippi whole state. Charlie Graddick was the one that the voters of this county elected to be D.A. and if you don't believe him under oath, why should you believe anybody else? That's why."
The appellant objected to the prosecutor's statement, but did not move to strike the comment, and did not move for a mistrial. He now contends that the statement was so egregious that a reversal of his conviction is warranted. We disagree.
The above comment made by the prosecutor in his rebuttal was a reply to the comments made by the defense counsel in closing argument. "When the door is opened by defense counsel's argument, it swings wide, and a number of areas barred to prosecutorial comment will suddenly be subject to reply."Davis v. State, 494 So.2d 851, 855 (Ala.Cr.App. 1986). This court, in Stephens v. State, 580 So.2d 11 (Ala.Cr.App. 1990), aff'd, 580 So.2d 26 (Ala.), cert. denied, ___ U.S. ___,112 S.Ct. 176, 116 L.Ed.2d 138 (1991), stated the following *Page 225 
with regard to a prosecutor's statements in arguments:
 " '. . . "[I]t must be examined in its context and in light of what had transpired, that is, in light of preceding argument of defense counsel, to which the prosecutor's argument was an answer." Washington v. State, 259 Ala. 104, 65 So.2d 704
(1953); Gibson v. State, 347 So.2d 576
(Ala.Crim.App. 1977); Rutledge v. State [482 So.2d 1250] [Ms. 5 Div. 610, August 16, 1983] (Ala.Crim.App. 1983). The rule in Alabama is that "remarks or comments of the prosecuting attorney, including those which might otherwise be improper, are not grounds for reversal when they are invited, provoked, or occasioned by accused's counsel and are in reply to or retaliation for his acts and statements." Shewbart v. State, 33 Ala. App. 195, 32 So.2d 241, cert. denied, 249 Ala. 572, 32 So.2d 244
(1947); Camper v. State, 384 So.2d 637 (Ala.Cr.App. 1980); Wilder v. State, 401 So.2d 167 (Ala. 1981), cert. denied, 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981); Miller v. State, 431 So.2d 586
(Ala.Crim.App. 1983); Rutledge, supra.' "
Stephens, 580 So.2d at 21, quoting Henderson v. State,460 So.2d 331, 333 (Ala.Cr.App. 1984). See also Williams v. State,601 So.2d 1062, 1074 (Ala.Cr.App. 1991).
The prosecutor's comment was a reply in kind to defense counsel's comment during closing argument. We hold that this comment, when evaluated in light of the entire trial, and in light of the defense counsel's prior comment, did not deny the appellant the right to a fair and impartial trial. We find no error in the trial court's overruling the appellant's objections.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
* Reporter of decisions' note: This appellant has been before the Court of Criminal Appeals in earlier proceedings under the name Jere Chatom.