TAYLOR, Judge.
The appellant, Pierre Deanthony Washington, was convicted of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975. He was sentenced as a habitual felony offender to life in prison.
The evidence presented at trial tended to show that the appellant chased James Bailey on University Boulevard in Birmingham, Alabama, and that he shot Bailey when he had chased him to a point under the Red Mountain Expressway overpass. The appellant contends that the court erred in refusing to give two of his requested jury instructions.
I
First, the appellant contends that the court erred in refusing to give the following requested charge:
“The Court charges the jury that the defendant has testified in his own behalf. The defendant has a right to do so. The law says that the defendant may or may not, but the defendant has in this case elected to testify. You are authorized to weigh the defendant’s testimony in light of the defendant’s interest in this case. Of course the defendant is interested, because the defendant is the accused, but it does not follow necessarily that because of that, the defendant is not telling the truth. If you can reconcile the defendant’s testimony and make it speak the truth, then you are not authorized to convict the defendant.”
The court correctly and sufficiently charged the jury on the law concerning a defendant’s right to testify and the factors that the jury can consider in determining the weight to give a defendant’s testimony. It is not error to refuse to give a requested charge that is a correct statement of law when the court’s charge substantially covers the points of law contained in the requested charge. Chatom v. State, 619 So.2d 222 (Ala.Cr.App.1993).
II
The appellant also contends that the court erred in refusing to give his requested charge on self-defense. The appellant testified at trial that either he did not shoot the victim or his shooting of the victim was an accident. He did not assert the defense of self-defense at trial, and he did not offer any evidence that would mandate a jury charge on self-defense.
“A court should not instruct on self-defense when there is no evidence to sustain the plea ... or when the defendant’s evidence showed that he did not act in self-defense.” Raines v. State, 455 So.2d 967, 974 (Ala.Cr.App.1984). See also Fuller v. State, 620 So.2d 669 (Ala.Cr.App.1991), aff'd, 620 So.2d 675 (Ala.1993) (evidence did not support an instruction on self-defense when defendant testified that shooting was an accident).
For the foregoing reasons, the court did not err in refusing to give the appellant’s requested instructions. The appellant’s conviction is due to be affirmed.
AFFIRMED.
All the Judges concur.